COUNTY OF GUILFORD ET AL. v. W. C. PORTER ET AL.

(Filed 19 April, 1916.)

1. **Deeds and Conveyances—Counties — Public Square — Reservations — Reentry—Obstructions—Easements.**

A reservation in a deed of lands to a county, that they shall be used only as a part of a public square, and that the grantors, their heirs and assigns, shall have the right to enter thereon and remove buildings and obstructions placed thereon which are inconsistent with the title conveyed, is not that of an easement retained by the grantor in the lands, but only conservative of the dedication in the conveyance.

2. **Appeal and Error—Superior Courts—Judgments—Second Appeal—Review —Deeds and Conveyances—Reservations.**

Where the question presented on appeal is whether the judgment entered in the Superior Court is in accordance with the former decision on appeal in the same cause of action, the former decision of the Supreme Court will not be reviewed; and on this appeal the judgment of the Superior Court is affirmed, except as to paragraph 6 thereof, which is modified in accordance with the syllabus next preceding this.

APPEAL from *Cline, J.,* at January Term, 1916, of GUILFORD, by all parties except the heirs of Porter and Caldwell.

The question presented is as to whether the judgment entered in the Superior Court conforms to the decision rendered by the Supreme Court on a former appeal of the same cause of action, the judgment herein appealed from reading as follows:

Now, on considering said opinion of the Supreme Court, it is ordered, considered, and decreed by the court:

I. That the land embraced in the deed from William A. Caldwell and wife, Rachael D. Caldwell, under date of 5 February, 1873, to the board of commissioners of Guilford County, and referred to on the map hereinafter made a part of this decree as "from Caldwell," was conveyed to and is held by the county of Guilford on condition that the said lot be used by the county of Guilford as a public square and be forever kept open for that purpose, and should any building or structure of any character inconsistent with said purpose be erected thereon, the said party of the first part, his heirs or assigns (meaning W. A. Caldwell, now deceased, his heirs or assigns), may enter upon the land aforesaid and abate and remove any and all buildings or parts of buildings inconsistent with its use as aforesaid.

II. That the condition aforesaid contained in the deed from William A. Caldwell and wife, Rachael D. Caldwell, to the board of commissioners of Guilford County is valid and subsisting and enforcible against the county of Guilford by the defendants, Mary E. Caldwell, W. A. Caldwell, and Lizzie Caldwell Johnson, their heirs and assigns.

GUILFORD *v.* PORTER.

PLAT SHOWING LOCATION OF GUILFORD COUNTY COURT HOUSE AND PROPERTY IN VICINITY.

III. That the land embraced in the deed from W. Clark Porter under date of 5 February, 1873, to the board of commissioners of Guilford County, and referred to on the map hereinafter made a part of this decree as "from Porter," was conveyed to and is held by the county of Guilford on condition that the said lot be used by county of Guilford as a public square and be forever kept open for that purpose; and should any building or structure of any character inconsistent with said purpose be erected thereon, the said party of the first part, his heirs or assigns (meaning W. Clark Porter, his heirs or assigns), may enter upon the land aforesaid and abate and remove any and all buildings or parts of buildings inconsistent with its use as aforesaid.

IV. That the condition aforesaid contained in the deed from W. Clark Porter to the board of commissioners of Guilford County is valid, subsisting, and enforcible against the county of Guilford by the defendants W. C. Porter, Waldo Porter, Logan Porter, and Ruth Porter Adams, their heirs and assigns.

V. That so long as the county uses these two lots as a public square the easement is intact. There is no obligation in the conveyances that these lots should be a part of the courthouse lot.

VI. That the word "assigns" as used in paragraphs I and III does not give to the defendants Barker and Sockwell any special, particular, or distinctive rights in the two lots hereinbefore mentioned because of their ownership of the two lots designated on the map and marked "Barker and Sockwell," such rights as they and their assigns have to perpetual enforcement of the restrictions above set forth attaching to the lots from Caldwell and Porter, to wit, that they shall be used by the county as a public square, being such only as may exist in common with the other defendants, Barringer, Bynum, and Cooke, this being in the nature of a general right or interest, if it exists at all, and not special.

VII. That the defendants Cooke, Bynum, and Barringer are adjudged to have no separate and special rights in and to the easements in the land marked "from Caldwell" and "from Porter" by reason of their having purchased by mesne conveyances the western portion of the lot marked on the map "from Gorrell."

VIII. That the portion of the present courthouse square conveyed to the county of Guilford by Hopkins, Gorrell, Hinton, and Staples is owned by the county of Guilford in fee simple, free from any right, title, interest, or easement in the defendants or any of them.

IX. That for the purpose of preserving and making certain the terms of this decree and the rights of the parties, the map of the *locus in quo* prepared by E. W. Myers, engineer, and made a part of the printed record in this case on appeal to the Supreme Court, is hereto attached and made a part of this decree, and the clerk of this court is hereby

ordered to certify this decree, with copy of the map attached, to the register of deeds of Guilford County, to the end that the same may be by him recorded in the office of the register of deeds of Guilford County.

X. That defendants recover of the county of Guilford the costs in this action, excluding the costs in the Supreme Court, to be taxed by the clerk of this court.

E. B. CLINE,<br>*Judge Presiding.*

Accompanying this statement is a corrected map made since the former appeal was decided.

*John N. Wilson for Guilford County.*
*Manly, Hendren & Womble for Porter and Caldwell heirs.*
*W. P. Bynum and King & Kimball for defendants.*

CLARK, C. J. This is the third appeal in this case. The former appeals are reported 167 N. C., 366, and 170 N. C., 310, where the facts are fully set forth (together with the map), and they need not be repeated here. The only question presented is as to the construction of our opinion in the last named case. That decision could not be reviewed on this new appeal. Construing that decision, we are of opinion, without again giving our reasons, that the judgment entered below should provide substantially as follows: Paragraphs I, II, III, IV, V, VII, VIII, IX, and X of the judgment sent up in the record are approved. In lieu of paragraph VI, which alone we set aside, the judgment should express the provision as follows: "The word 'assigns' as used in paragraphs I and II does not give the defendants Barker and Sockwell any rights in the two lots above mentioned, or in any other respect, because of their ownership of the two lots marked on the map 'Barker and Sockwell.'"

We are of opinion that the rights as to the two lots marked "from Caldwell" and "from Porter" which the decree recognizes as outstanding respectively in the heirs of said Porter and of said Caldwell only, are not strictly an "easement," but rather rights under a "dedication to a public use," under which there was reserved to Caldwell and to Porter, respectively, and their heirs and assigns (of such right) merely the right to enter on either of said two lots to remove therefrom any buildings placed thereon, respectively, as shall be "inconsistent with its use as a public square."

This is not the case where the owner of land lays it off into squares and streets and sells lots facing thereon. In such case, if the squares and streets have been accepted by the town, it is a dedication thereof, and the lots are sold with reference thereto, and this is a part of the contract. *Conrad v. Land Co.,* 126 N. C., 776; *Bailliere v. Shingle Co.,* 150 N. C.,

627; *Green v. Miller,* 161 N. C., 24. But here the county bought these two lots from Porter and Caldwell without any restriction, save that as to these two lots the vendors or their assigns could enter thereon and remove any buildings placed on said lots inconsistent with their use as a public square. There was no other right given to the vendors, nor any reservation in favor of the other lots held by them which have since passed to Barker and Sockwell or any one else.

Neither is such interest in Caldwell and Porter as to the lots conveyed to the county a "reversion," for the reservation in the deed does not provide for a defeasance or forfeiture of the lots if such buildings, inconsistent with its use as a public square, are erected thereon, but merely reserves the right to the heirs of Caldwell and of Porter respectively, or their assigns, to "enter thereon and remove such buildings."

With this modification of paragraph VI, the judgment now appealed from is affirmed. The costs of this appeal will be taxed against all the defendants who are appellants.

Modified and affirmed.