JOHN BARKER v. JEFFERSON STANDARD LIFE INSURANCE COMPANY AND THE COUNTY OF GUILFORD.

(Filed 27 April, 1921.)

**1. Judgments—Estoppel—Matters Concluded.**

A judgment estops between the same parties, concerning the same lands in controversy, when the nature of the claims is the same as to title, involving the equity of removing a cloud therefrom as to all claims of easements, not only as to all questions actually litigated, but as to all that were determined or necessarily involved in the decision of the former action.

**2. Counties — Title — Public Squares — Abutting Owners—Prescriptive Rights.**

Where a county continues in possession of its open public square continuously to the time of its recent deed to a purchaser, an adjoining owner cannot acquire a prescriptive right of easement therein.

**3. Judgments—Counties—Title—Public Squares—Easements—Estoppel.**

Where a county has brought suit to remove the cloud from the title to its public square, including all claim of easement therein by abutting owners, one of such owners, the plaintiff in the present action and a

party in the former one, is estopped by the judgment rendered in the county's favor in the former suit from setting up a counterclaim for damages arising from the taking of such easement by the subsequent grantee of the county, which has acquired title to the entire square by the deed of the county.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1921, of GUILFORD.

This action is against the defendant insurance company and the county of Guilford, alleging that the plaintiff is owner of an easement 10 feet in width over land purchased by the insurance company from its codefendant, the county of Guilford, and that the insurance company has obstructed said alleyway by placing a large brick building thereon, and asking for $10,000 damages. The defendant insurance company answered and pleaded by way of counterclaim that it was the owner in fee of the tract of land known as the "Court House Square" (this being the tract over which the plaintiff claims an easement) ; that the insurance company acquired title to said land from the county of Guilford by deed, 2 May, 1917, and that at the time the plaintiff acquired title to the tract of land, which he claims is a dominant tenement, the county of Guilford was the owner of the land which he now claims is servient thereto; that the said land remained in the possession of the county until conveyed by it to the insurance company; and that, further, the plaintiff was estopped to maintain this action on account of the judgment which was affirmed on appeal in *Guilford v. Porter,* 170 N. C., 310, and reaffirmed in *S. c.,* 171 N. C., 356. No reply was filed. The court, upon the pleadings, entered judgment of nonsuit, and the plaintiff appealed.

*R. C. Strudwick, Wm. P. Bynum, Manly, Hendren & Womble for plaintiff.*
*Wilson & Frazier, Brooks, Hines & Kelly for defendants.*

CLARK, C. J. The defendants contend that the matter pleaded was a counterclaim, *McLean v. McDonald,* 173 N. C., 429; and that the plaintiff having filed no reply, the counterclaim was admitted to be true. But, passing that by, it appears that the plaintiff acquired his alleged easement, if at all, by prescription. The deed under which he claims is set out in the record, and it appears therefrom that the county of Guilford at the time of his purchase owned the tract adjoining him, styled "The hitching lot," and the said land continued in the possession of the county of Guilford until it was conveyed to the defendant insurance company in 1917. The plaintiff could not have acquired a prescription against the county. *Gates v. Hill,* 158 N. C., 584; C. S., 435.

It appears also that the alleyway in question was created by deed executed by the county to the Raleigh Real Estate and Trust Company, 20 May, 1904, and said deed contains the following provisions: "It being understood that the said alleyway shall not become a public thoroughfare, but shall be used only by the parties of the first and second parts and those holding through, by, or under them." The plaintiff by *mesne* conveyance acquired a title to a portion of the land conveyed by this deed to the Raleigh Real Estate and Trust Company, and the defendant insurance company has since acquired title to said land by a conveyance from the county.

The plaintiff is estopped by the judgment which was affirmed on appeal in *Guilford v. Porter,* 170 N. C., 310; *S. c.,* 171 N. C., 356, from claiming this easement. That action was brought to remove, as a cloud upon the title of the county, any and all claims of easement asserted by the plaintiff and all other adjoining landowners. In the complaint in that action the tract, over which the plaintiff is now claiming an easement, was described specifically by metes and bounds fully set out, which included this alleged alleyway, and the entire tract was alleged to be owned by the county of Guilford in fee simple, free and clear from all claims and easements of this plaintiff and all others. Final judgment was delivered in that action, and affirmed on appeal, holding that the county of Guilford had a right to convey the said premises to the insurance company in fee simple, free and clear from any claim or easement of the plaintiff and all others, and after said final judgment had been entered, the insurance company became the purchaser of said lands at a public sale.

The parties to that suit and this are the same. The subject-matter is the same—the same tract of land being in controversy; the nature of the two suits is the same, both being to decide the title to said tract of land and remove as a cloud from title all claims of easement. The prayer for relief is the same in both suits. A judgment is an estoppel not only as to all questions actually litigated, but as to all that were determined or necessarily involved in the decision of such litigation. *Coltrane v. Laughlin,* 157 N. C., 282; *Clothing Co. v. Hay,* 163 N. C., 495.

Substantially the same question here presented has been decided at this term in two other cases involving the same plea of estoppel by judgment and as to an easement in the same tract of land: *Barker and Sockwell v. Ins. Co., ante,* 267, and *Guilford v. Bynum, post,* 288. The judgment of nonsuit is

Affirmed.