COUNTY OF GUILFORD ET AL. AND JEFFERSON STANDARD LIFE INSURANCE COMPANY v. W. P. BYNUM ET AL.

(Filed 27 April, 1921.)

**Judgments — Estoppel — Counties — Deeds and Conveyances — Public Squares—Adjoining Owners—Easements.**

Where the right of the county to sell its entire courthouse square free from any claim of easement by adjoining owners of land has been put in issue and decided in the county's favor, and the judgment affirmed on appeal, the decision is conclusive between the same parties; nor is the question affected by the fact that the contract of the county to sell in the former action reserved unsold a strip alongside of the property of the adjoining owners, and the appeal in the present action is based upon a deed between the same parties to the same land for an additional consideration, without reserving such strip in the conveyance.

APPEAL by defendants from *Finley, J.,* at February Term, 1921, of GUILFORD.

The county of Guilford and the Jefferson Standard Life Insurance Company sue to clear a cloud from the title of the said company to the land purchased by it from its coplaintiff, the county of Guilford, said land being popularly known as "the old courthouse square." The insurance company alleges ownership of said land by virtue of the title heretofore construed in *Guilford v. Porter,* 170 N. C., 310; *S. c.,* 171 N. C., 356; that it is the owner in fee simple of the tract of land in question and has the right to erect buildings completely covering the said tract of land; that the claims of the other parties constitute a cloud upon the title of the said insurance company, and asks to have them declared and adjudged to be invalid. The court below held that the insurance company held an absolute title in fee simple, unencumbered by any easement or other claim, and the defendants appealed.

*Wilson & Frazier and Brooks, Hines & Kelly for plaintiff.*
*R. W. Harrison, R. C. Strudwick, and S. L. Alderman for defendants.*

CLARK, C. J. The sole question presented on this appeal is what is the force and effect of the judgment rendered between the same parties, 171 N. C., 356. In that case these defendants claimed an easement in all of the *locus in quo,* the entire courthouse square, by reason of the fact that they owned offices whose doors opened upon the square. In such former action the county had offered to convey the entire tract to the Jefferson Standard Life Insurance Company for the sum of $150,000, but in that offer they had excepted 18½ feet of the property next to the defendants' line, but alleged in the complaint that the county had the right to convey the entire property in fee simple, "unencumbered by any rights of the defendants or either of them." The defendants in that action denied the right of the county to sell the property at all, claiming an easement in the whole tract.

In that former case the court held that this property was owned by the county of Guilford in fee simple, free from any right, title, or easement whatever in the defendants or any of them. On this opinion going down the county offered to sell, and did sell and convey to the coplaintiff the entire property up to the boundary line of the defendants, "Free from any rights, title or easements" in the defendants or any of them—being the same defendants as in the present case—for the sum of $171,000.

In the decision in the former action the defendants claimed an easement in the property of the county on the ground that it was a public square, and as their offices and buildings faced on that ground they had an easement therein that it should never be sold or conveyed by the county without a release by them. The county replied, denying the

said defendants had any interest whatever in said property, and the decision below, affirmed by this Court, sustained the above right of the county to the property up to the defendants' line, subject to no easement or encumbrance in their favor.

This was the issue in the case, and that matter is *res judicata* in this appeal.

The decision in *Guilford v. Porter,* 170 N. C., 310, reaffirmed in same case, 171 N. C., 356, did not call in question the familiar doctrine that when a tract is laid off into town lots, streets, and open squares the purchasers have a right to have abutting streets and squares kept open, nor did it question the ruling in *Southport v. Stanly,* 125 N. C., 464, that towns and counties could not sell real estate devoted to governmental purposes without legislative authority, but here there was such authority. What that case held was that the location of public buildings gave no easement to the adjoining lot-owners that would confer on them an easement to prohibit the county or town from changing the location of a public building. As was said in *Guilford v. Porter,* 170 N. C., 314: "An easement arises from the contract of the party. Otherwise, whenever a town, county, or the State shall purchase property for a public purpose it will become inalienable under penalty of paying the adjacent proprietors damages in case the public interests shall require a sale of the property." The adjacent owners have no more right to this than to prevent the removal of an adjoining store or residence that gives tone to the neighborhood.

It is true in the offer to sell then before the court, the county had proposed to sell to the life insurance company, reserving to itself, but not to the defendants, an 18½-foot strip on the western side, but asserting its absolute right to the entire lot. The defendants asserted that they had an easement to have the entire square retained by the county. After the adjudication in favor of the county of its absolute ownership of the entire courthouse square, free from any encumbrance or easement whatever on the part of the defendants, the county thereupon sold and conveyed, in accordance with that decision, up to its outward boundary for the sum of $171,000. The first offer to sell to the insurance company reserved to the county 18½ feet, but this was not a contract with the defendants and did not give them any rights. The controversy before the court put in question one single proposition, that is, the absolute title of the county to the entire square up to the defendants' boundary, free from any easement or encumbrance whatever. That was decided in favor of the county and cannot now be reopened. It was entirely a matter for the county and in no wise concerned the defendants that in the second offer to the Standard Life Insurance Company the county saw fit to sell its entire holding up to the defendants' line without any reservation.

GUILFORD *v.* BYNUM.

PLAT SHOWING LOCATION OF GUILFORD COUNTY COURT-HOUSE AND PROPERTY IN VICINITY.

The county, however, in its generosity, has reserved an alleyway of eight feet in the conveyance to the Jefferson Standard Life Insurance Company, giving an outlet nearly as convenient to North Elm Street. This, however, is a matter of grace. It was the defendants' misfortune that they had bought back lots, not facing on a street, and had assumed that because the county had built a courthouse upon this square that it would remain there always. This constituted no easement in the courthouse square in favor of the defendants. The judgment of the court below is

Affirmed.