## J. R. LANE v. JESSE RICHARDSON.

*Appeal—Interlocutory Orders, &c.—Parties—Exemptions—Vendor and Vendee.*

1. The Supreme Court will not, before the final termination of an action, entertain an appeal from an interlocutory order making additional parties.
2. It is only where the granting of the interlocutory order affects some substantial right, that it is the subject of review before a trial upon the issues joined.

3. It is intimated that where one conveys property, which he would be entitled to have set apart to him as exempt from execution, the person to whom the transfer is made receives it with all the rights and equities which attached to it in the hands of the vendor, and may assert them against the creditors of the vendor.

This is an APPEAL from the refusal of his Honor, *Shipp,* J., to strike from the record in this action the names of certain parties and their pleadings, at October Term, 1888, of CHATHAM Superior Court.

The plaintiff's action is to recover the balance due on a note under seal for five hundred dollars executed to one J. B. Harris on March 31, 1887, by the defendant Jesse Richardson, due one day after date, and bearing interest from date at the rate of eight per cent per annum and endorsed by the payee to the plaintiff J. R. Lane. Endorsed upon the instrument is a partial payment of one hundred and forty dollars made October 8 of the same year.

The defendant admitting these allegations sets up a counter claim consisting of two docketed judgments in favor of Sickel, Hellen & Co., against said Harris and assigned to the defendant of the aggregate amount of three hundred and thirty-seven dollars and thirty-one cents, and consents that judgment may be entered against him for the excess of the plaintiff's claim. To the counter claim the plaintiff replies :

\*        \*        \*        \*        \*        \*        \*

"3. That at the time of the alleged transfer of the judgments to the defendant, Harris was entitled to a personal property exemption of five hundred dollars, and claims, as he always has claimed, that his exemption be allowed; and

4. That the plaintiff is entitled to be relegated to all the rights and defence which Harris could assert were he a plaintiff in the action."

Subsequently Harris was admitted a party defendant and filed an answer admitting to be true the allegations of the

complaint and the existence of the judgment, but alleging, after setting up other defences to the judgments:

"That at the time of the transfer of the note to Lane, this defendant did not possess fifty dollars worth of personal property in excess of the note, and he then regarded and elected and continues to regard this note as a part of his personal property exemption, and claims the same as such.

"Wherefore, defendant demands judgment, that the said note be allotted to him as his personal property exemption, to the use of the plaintiff, and for costs, &c."

The defendant then moved to strike from the amended replication certain designated parts which the Court deemed and declared unnecessary because the objectionable parts were not allowed and formed no part of the pleading. He further moved to strike the answer of Harris from the files, which was refused, and then entered exception to the order allowing him to become a party and to the refusal to remove his answer from the files. From these rulings the defendant appealed.

*Mr. J. H. Headen,* for the plaintiff.
*Mr. John Manning,* for the defendant.

SMITH, C. J. (after stating the case.) We are unable to see how the presence of Harris in the action betweeen his endorsee and the debtor and solely in aid of the latter in resisting the counter claim can affect the controversy, since the transfer carries with it the rights and equities of the endorser in whose place the plaintiff stands. But without deciding the point we can not entertain the appeal at this stage of the proceedings. Harris was allowed to become a defendant and put in an antagonistic answer to Richardson and in support of the plaintiff, after which ineffectual resistence is offered to the action of the Court in the denied motion. We have repeatedly held that a cause can not be thus arrested

where no substantial right is impaired or affected by the ruling complained of, and this appeal belongs to that class.

The case of *Merrill* v. *Merrill*, 92 N. C., 657, cited for the appellant is not an authority for the present appeal, for that case simply decides that when the action must fail and a plaintiff proposed to be substituted could not in law carry on the action, it would be error to allow such an amendment and retain the cause.

The appeal must therefore be dismissed as prematurely taken, and it is so adjudged.

Appeal dismissed,