JOHN W. PARTON et al. v. M. S. ALLISON et al.

## Dower, Assignment of—Jurisdiction.

1. The right to apply for allotment of dower by special proceeding under § 2111 of *The Code* is a legal right, personal to the widow, and cannot be transferred by assignment.

2. Where the right to dower has been assigned, before allotment, the assignee's remedy to enforce it is by a civil action in term; the Clerk of the Superior Court has no jurisdiction.

This was a SPECIAL PROCEEDING for dower, commenced before the Clerk of the Superior Court of HAYWOOD County, and heard upon demurrer at Fall Term, 1891, *Merrimon, J.*, presiding.

The petition alleged that one Owens had died seized of certain lands; that he left surviving him his wife, who was entitled to dower; that she had sold and conveyed her dower right to the petitioners, who now prayed that dower might be assigned them.

The defendants demurred, for that—

1. That the alleged right of dower is only a thing in action and cannot be assigned, so as to authorize the assignee to bring suit in his own name.

3. That this Court has no jurisdicton under the facts alleged in the petition, for that it is not alleged that the widow's dower has been assigned, and before assignment it is only a thing in action not arising out of contract

His Honor sustained the demurrer, and plaintiffs appealed.

*Messrs. W. L. Norwood, T. F. Davidson* and *J. M. Moody*, for plaintiffs.

*Mr. G. S. Ferguson*, for defendants.

*Per Curiam.*

His Honor, in sustaining the demurrer to the jurisdiction, was of the opinion that the right to "apply for assignment of dower by petition in the Superior Court as in other cases of special proceedings" (*The Code*, § 2111) "is a legal right, and personal to the widow, and cannot be assigned to another; and that the sale by the widow of her right of dower, before dower was assigned to her according to law, was an equitable assignment of her right, to be enforced in a court of equity by a civil action, and not by a special proceeding, and that the Clerk had no jurisdiction." The ruling is supported by several decisions of this Court. *Potter* v. *Everitt*, 7 Ired. Eq., 152; *Tate* v. *Powe*, 64 N. C., 644; *Efland* v. *Efland*, 96 N. C., 488.

Affirmed.