JOHN PARTON et al. v. M. S. ALLISON.

*Assignment of Dower—Rights of Purchasers—Parties.*

1. A widow who transferred her right of dower before the same was allotted was a necessary party in a proceeding to have the same set apart. Such a conveyance will be treated in equity as a contract to have it allotted to her and then to convey it to the purchasers.

2. The action of the assignees is primarily against the widow, but in the absence of an averment that the lands described were all of which she was entitled to be endowed, the heirs and devisees are properly made parties, so that the whole matter may be determined in one action.

3. The widow's right of dower not being yet denied, there was no need of an allegation setting out when the marriage took place.

This was a CIVIL ACTION, heard upon complaint and demurrer before *Bynum, J.,* at the Fall Term, 1892, of HAY-WOOD Superior Court.

The plaintiffs claimed the unallotted dower of a widow under a deed of conveyance from her.

The defendant resisted, among other reasons, because the plaintiffs could not bring their action in their own name; the right of dower being only a thing in action the widow was a necessary party. The Court overruled their demurrer, and they appealed.

*Mr. T. F. Davidson,* for plaintiffs.
*Mr. G. S. Ferguson* (by brief), for defendant.

BURWELL, J.: The plaintiffs once sought to obtain the relief which they pray for in their complaint by means of a special proceeding instituted before the Clerk of the Superior Court of Haywood County. That proceeding came before this Court, and the demurrer filed by the defendants to the petition was sustained (109 N. C., 674), and in the opinion then filed this language was used: " The sale by a widow of her right of dower, before dower was assigned to her according to law, was an equitable assignment of her right, to be enforced in a court of equity by a civil action, and not by a special proceeding."

1. Is the widow, plaintiffs' assignor, a necessary party to this action? We think she is. " Before the assignment of her dower a widow is not seized of any portion of the real estate of her husband, and cannot, therefore, convey any title at law to it. She can, however, make such a contract concerning it as equity can and will, under proper circumstances, enforce. This bill substantially is to compel the heirs to allot the dower, and then that the widow shall convey the land so allotted." *Potter* v. *Everitt,* 7 Ired. Eq., 152. Her conveyance of her right of dower, previous to an assignment, will

be treated in a court of equity as a contract on her part to have her dower assigned, and then to convey what is so assigned to her, and will be enforced against her. Scribner on Dower, Vol. 2, sec. 37. Hence, the cause of action set out in the complaint is, according to these authorities, primarily against the widow, and she is of course, in that view of the matter, a necessary party.

2. Are the heirs at law or devisees of S. P. Owen, defendant's vendor, necessary parties? If it was alleged in the complaint that the lands described therein were all the land of which the widow was entitled to be endowed, we might be inclined to answer this question in the negative. But, in the absence of such averment, we must assume that there are other lands, and such being the case, the heirs at law must be brought in, in order that, by this one action, may be conclusively settled and determined all questions cencerning the dower rights of the widow, and the plaintiffs' rights against her, by reason of her conveyance to them, treated as a contract to convey to them such portions of each tract as may be assigned to her under the orders made in this action. *The Code,* § 2112, declares that, in special proceedings for assignment of dower, "the heirs, devisees and other persons in possession of, or claiming estates in the lands, shall be parties;" and by section 189 it is enacted that " when a *complete* determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in." When the widow and heirs at law or devisees are brought in, a complete determination of this matter may be had in this civil action, and all parties interested in the assignment of dower be concluded by the final judgment or decree which shall be made.

We do not think it was necessary to allege in the complaint when the marriage took place. Proof of that fact will be required if the widow's right of dower is denied. And we think it is sufficiently alleged in the complaint that defendants claim under S. P. Owen.                                    Error.