BURNETT v. LYMAN.

(Filed May 22, 1906).

*Ejectment—Transfer of Interest Pendente Lite—Parties—Real Party in Interest—Substitution of Plaintiffs.*

1. In an action of ejectment, where the plaintiffs after the institution of the action conveyed the land by deed in fee simple and their grantee was not made a party, the court erred in refusing defendant's motion for a judgment of nonsuit, and in instructing the jury that "if they believed the evidence to find that the plaintiffs were the owners and entitled to the possession."

2. In an action of ejectment, the rule that the plaintiff must have the right to the possession not only at the institution of the suit, but at the time of trial also, is .not changed by Revisal, section 415, which provides that the action shall not abate by death or transfer of interest, as this section must be construed in connection with section 400, that "Every action must be prosecuted in the name of the real party in interest," and with the following provision in section 414, "When a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in."

3. The bargainee of the land, *pendente lite,* may not only be substituted as party plaintiff, but if the original plaintiffs remain in the case, such bargainee, having become the "party in interest" (section 400), is necessary to a complete determination of the action, and it is the duty of the judge, certainly if objection is made, to have him "brought in."

ACTION by W. B. Burnett and another against A. H. Lyman and another, heard by *Judge Walter H. Neal* and a jury, at the May Term, 1905, of the Superior Court of BUN-

COMBE. From a judgment for the plaintiffs, the defendants appealed.

*Frank Carter* for the plaintiffs.
*Tucker & Murphy* for the defendants.

CLARK, C. J. This is an action of ejectment begun by W. B. Burnett and W. E. Burnett. After it had been pending for some time the plaintiffs conveyed the land by deed in fee simple to one Rawls, who before the trial conveyed to Mattie C. Moore, a married woman. Neither Rawls nor Mrs. Moore were made parties. Upon the above facts appearing in evidence, the defendants moved for judgment of nonsuit. The court refused the motion and directed the jury, if they believed the evidence, to find the issues in favor of the plaintiffs.

In *Arrington v. Arrington,* 114 N. C., 120, *Burwell, J.,* says: "In an action to recover land, the rule is that the plaintiff must have the right to the possession not only at the institution of the suit, but at the time of trial also," quoting 7 Lawson R. & R., sec. 3708, which lays this down as the universal rule, save, he says, one case in Vermont, which *Judge Burwell* further shows was not in truth any exception. *Arrington v. Arrington* is cited to sustain this proposition. *Morehead v. Hall,* 132 N. C., 123. To same effect is 15 Cyc., 29, and cases there cited.

The defendants admit that this proposition was unquestionably true under the former practice, but contend that this is changed by Revisal, section 415, which provides that "No action shall abate by the death, marriage or other disability of a party, or by a transfer of any interest therein, if the cause of action survive or continue. * * * In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." Aside from the fact that this section, enacted in 1868, was in

force when the above cited cases were decided, it must be noted that the general principle of the reformed procedure is that "Every action must be prosecuted in the name of the real party in interest," Revisal, 400, and that the above quoted section 415 does not refer to the parties who may maintain an action, but to "abatement of actions," and must be construed in connection with section 400, and with the following provision in section 414, "When a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." Certainly a complete determination cannot be had when the true owner of the land is not a party to the action.

Construing sections 400, 414 and 415 of the Revisal, together, and recalling that the last relates to the "abatement of actions" only, it would seem that the provision therein that the action may be continued in the name of the original plaintiff means simply that the abatement does not act automatically upon the transfer of the interest, and that if the action is continued without objection, the judgment shall not be void, but, none the less, the judge should cause those in interest (section 400) to be "brought in" (section 414), and upon objection made, as in *Arrington v. Arrington, supra,* and in this case, it was error not to require them to be made parties; else sections 400 and 414 would be useless. The bargainee of the land *pendente lite* may not only be substituted as party plaintiff *(Talbert v. Becton,* 111 N. C., 543), but if the original plaintiffs remain in the case, such bargainee, having become the "party in interest" (section 400), is necessary to a complete determination of the action, and it is the duty of the judge, certainly if objection is made, to have him "brought in." Section 414. In *Davis v. Higgins,* 91 N. C., 388, relied on by the defendants, there was no objection for failure to make the bargainee a party, but the court held that if the assignment had been brought to the attention of the court, it should *ex mero motu* have dismissed

the action, unless a prosecution bond had been filed by the bargainee.

That section 415 does not have the effect of permitting the original plaintiff in ejectment to recover, after conveying his interest, without either joining his grantee as a party or substituting him as a party, is clear from the language of section 415 that "no action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein." Certainly upon the death of a party, though the action does not abate, judgment cannot be had without making his personal representative a party. So when there is a conveyance by the plaintiff, his bargainee must either be "brought in" (section 414) as an additional party or "substituted"—being necessary to the determination of the action —because he is now the party in interest. Section 400.

If this were not so, the judgment would solemnly record an untruth "that the plaintiff is the owner and entitled to the possession" of the property. There might be cases where the defendant could urge an equity against the grantee, and from this he should not be cut off. Also, the defendant has the right to have the bargainee "brought in" that he may be liable for the costs, if unsuccessful. The action "does not abate" by death or transfer, but in both cases other parties must be made, and in case of a transfer, though the action may be continued in the name of the original party, the true party in interest, the bargainee, must be "brought in" if objection is made.

It was error in the court to instruct the jury that "if they believed the evidence to find that the plaintiffs were the owners and entitled to the possession." If they believed the evidence, the jury were compelled to find just the opposite and that the plaintiffs were not the owners, and were not entitled to possession, because it was shown that they had parted with all the rights they had possessed.