R. W. McLEAN ET AL. v. C. A. McDONALD ET AL.

(Filed 25 April, 1917.)

**Actions—Joinder—Pleadings—Issues—Equity — Cloud on Title — Nonsuit — Trials—Statutes.**

Where the plaintiffs allege they are entitled to the possession of certain lands as the heirs at law of the deceased owner, and that the defendant is in wrongful possession claiming under a void sheriff's deed by execution sale, and the answer denies plaintiff's allegation of ownership and asserts the defendant's title: *Held,* the matters in defense come within the meaning of Revisal, sec. 481 (1), permitting joinder of causes of action; and

Revisal, sec. 1589, affording an owner of lands a remedy to establish and quiet his title, giving the defendant a legal right to have the issues tried; and plaintiffs' motion for a voluntary nonsuit should be denied.

Civil action, tried before *Webb, J.,* and a jury, at February Term, 1917, of Moore.

The jury having been impaneled, plaintiffs introduced their evidence and, thereupon, the court having intimated an opinion adverse to plaintiff's right to recover, they submitted to a nonsuit. At the time this was done, and before the jury was discharged, defendants objected, insisting that there were other issues in the case raised by defendant's cross-action or counterclaim which defendant had a right to have determined. The objection was overruled.

Judgment of nonsuit was entered, and defendants, having duly excepted, appealed.

*No Counsel for plaintiff.*
*L. B. Clegg, U. L. Spence, and Seawell & Land for defendant.*

Hoke, J. The action was instituted by the heirs at law of John F. McLean, deceased, and the complaint alleged ownership as such of certain lands in said county, duly described and specified, and that defendants were in the wrongful possession of said lands, claiming to own the same under and by virtue of an execution sale and sheriff's deed pursuant thereto, had under a judgment against said J. F. McLean, during his life, on or about April, 1892.

The pleadings on the part of the defendant, the answer and amended answer, after denying plaintiff's allegations of ownership and fraud, contain averment, further, that the sale and deed to defendants of said land were in all respects valid and defendants are true owners of the same; that plaintiffs wrongfully make claim to said property adverse to defendants; that the only pretense of claim they have is as heirs at law of said John F. McLean, and they have no right, title, interest, or estate in said land, and demand judgment that defendants are the owners in fee simple and that plaintiffs have no right, title, or interest in said property, and "for such other and further relief as to which defendants may be entitled," etc. Upon these allegations and formal denial and reply entered by plaintiffs, we are of opinion that the defendants are of right entitled to have the question of ownership determined on proper issues, and that the judgment of nonsuit must be set aside.

Our Code of Civil Procedure, Rev. 1905, sec. 481, contemplates and provides for two classes of counterclaim. Subsection 1: "A cause

of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim or connected with the subject of the action." Subsection 2: "In an action arising in contract, any other cause of action arising also out of contract and existent at the commencement of the action." And, construing these sections, our decisions hold that while a plaintiff may suffer a nonsuit as to his own cause of action in cases coming under the second subsection above stated, this cannot be allowed in causes coming under the first subsection, but, as to these, defendant has a right to insist that the cause be retained and the issue decided which are essential to the full determination of the controversy. This was held in the case of *Whedbee v. Leggett,* 92 N. C., pp. 465 and 469, and *Francis v. Edwards,* 77 N. C., 271, and other well considered cases are in affirmance of the position.

Plaintiffs, averring ownership of the land in controversy as heirs at law of J. F. McLean, allege that defendants are in possession, claiming to own the same under an execution sale and sheriff's deed pursuant thereto, under a judgment against J. F. McLean, and that this sale and deed are fraudulent and void. Defendants, denying these allegations, make averment that they are in fact the true owners of the land; that the said sale and deed are in all respects *void;* that plaintiffs, without right, interest, or estate, are setting up a pretended claim, and ask that defendants be declared the owners. The answer of defendants presents a case clearly arising under the provisions of our statute, Revisal, sec. 1589, affording an owner a remedy to establish and quiet his title. And the facts alleged and relied on, being connected with the subject of plaintiff's action and the transaction on which plaintiffs base their right to relief, constitute a counterclaim within the first subsection of the statute applicable, and entitles defendants, as we have said, to have the controversy between the parties fully determined on appropriate issues. *Smith v. French,* 141 N. C., pp. 1 and 7; *Dempsey v. Rhodes,* 93 N. C., 120.

In *Smith v. French, supra,* the Court, after stating the provisions of our statute on counterclaim, in speaking of the broad and inclusive nature of the provision, said: "Subject to the limitations expressed in this statute, a counterclaim includes well-nigh every kind of cross-demand existing in favor of defendant against the plaintiff in the same right, whether the demand be of a legal or an equitable nature. It is said to be broader in meaning than set-off, recoupment, or cross-action, and includes them all, and secures to defendant the full relief which a separate action at law, or a bill in chancery, or a cross-bill would have secured to him on the same state of facts."

And in well considered cases in other jurisdictions the right of action to remove a cloud from title, when so pleaded by way of answer, has been· recognized as a proper subject of counterclaim within the meaning of the principle. *Moody v. Moody,* 23 N. Y. Supreme Ct., 189; *Griffin v. Jorgensen,* 22 Minn., 92; 32 Cyc., p. 1361.

There was error in allowing a judgment of nonsuit over defendant's objection, and the judgment to that effect will be set aside, that the rights of the parties may be determined on appropriate issues.

Reversed.