HOSEA BARBEE, EXECUTOR OF GREEN BARBEE, CORA BARBEE, JEFF FOUST, BESSIE FOUST, MARY F. DANIELS, ED. BUMPASS, EDMONIA BUMPASS, CHARLIE JONES, ANNA JONES, JONAH BARBEE, AND DAISY BARBEE v. W. P. CANNADY AND BERLINA BARBEE.

(Filed 7 April, 1926.)

**1. Abatement and Revival—Actions—Parties—Executors and Administrators.**

Where the plaintiff in an action dies testate pending the litigation, after filing his complaint, his heirs at law and not his executor, are the proper persons to be made parties in the suit to reform a deed, in the absence of the creation of some duty required of him under the terms of the will, and where the rights of creditors to have lands sold for the payment of debts against the estate do not arise. C. S., 446.

**2. Courts—Parties—Pleadings—Amendments—Abatement and Revival.**

In order to make a complete disposition of a pending action, the trial judge may either permit or order those having a material interest therein to be made parties, and give them time to file their pleadings, when such does not substantially change the cause of action. C. S., 446, 547, 460.

**3. Same—Causes of Action.**

Where a party has commenced his action concerning an interest in lands, the cause may be continued by his successors in interest as the real parties in interest, either under the original title of the action, or the court in substituting them may continue the case in their name, and they may with the permission of the court, adopt the original complaint, or file new pleadings which do not substantially change the cause of action.

**4. Evidence—Depositions—Statutes—Actions—Abatement and Revival.**

Where the deposition *de bene esse* of the plaintiff in an action has been taken in accordance with law, C. S., 1821, who has since died, but the cause of action survives, it may properly be read in evidence in behalf of those who survive him in interest, and have properly been made parties to the original action.

**5. Pleadings—Amendments—Trials—Orders Signed Nunc Pro Tunc—Abatement and Revival.**

It is within the sound discretion of the trial court to permit amendments to pleadings to conform them to the evidence after the trial has

34—191

commenced, where the cause has survived the death of the plaintiff in the action as originally brought, and he may sign the order after the conclusion of the trial *nunc pro tunc.*

APPEAL by defendant, W. P. Cannady, from *Grady, J.,* at November Term, 1925, of DURHAM. No error.

### CASE ON APPEAL.

"This was a civil action brought by Green Barbee v. W. P. Cannady and Berlina Barbee, on 17 August, 1923, the complaint being filed on the same date. Thereafter, to wit, on 4 October, 1923, an order was entered by W. H. Young, clerk Superior Court of Durham County, permitting the defendant, W. P. Cannady, to file answer upon giving bond in the sum of $200, with proper surety, which bond was given on said date and said Cannady filed answer to said complaint on said 4 October, 1923. The defendant, Berlina Barbee, having filed answer on 10 September, 1923.

"The purpose of the action was to have set aside a deed from said Green Barbee and Berlina Barbee, his wife, to the defendant, W. P. Cannady, executed on 23 April, 1923, and duly recorded in Book 66, at page 453, in the office of the register of deeds of Durham County, which deed conveyed to the said Cannady a certain lot of land in the city of Durham reserving for the said Green Barbee a life estate. The complaint alleges that the execution of said deed was procured by false and fraudulent representations, which allegations are denied in the answer of the defendant, W. P. Cannady, and the answer of the defendant, Berlina Barbee, neither admits nor denies said allegations, but demands strict proof of same.

"But thereafter, to wit, on 10 October, 1923, Green Barbee died and Hosea Barbee, executor of the estate of said Green Barbee, in his representative capacity was directed to appear and make himself party plaintiff in said action by an order of W. H. Young, clerk Superior Court of Durham County, dated 24 November, 1923. That pursuant to said order the said Hosea Barbee, executor of the estate of said Green Barbee, appeared and became party plaintiff in the above entitled action, and adopted the complaint filed therein as will appear from the record in this case. No other pleading or amendments were filed and the case came duly on for trial at the November Term of the Superior Court of Durham County.

"The case was called for trial at said November Term, 1925, Durham Superior Court, the jury was selected and empaneled and the pleadings were read, at which time the court announced that the plaintiff, Hosea

Barbee, executor of the estate of Green Barbee, deceased, had no interests in the subject-matter of this action, whereupon, counsel for plaintiff moved the court to permit them to have the heirs at law of the said Green Barbee made parties plaintiff to this action, to which motion defendants objected. Objection was overruled by the court and motion allowed, to which the defendants excepted.

"In overruling the objection the court stated that the trial would be proceeded with, and he would allow the motion and would sign a formal order making the heirs at law of Green Barbee parties plaintiff.

"That on account of the ill health of the said Green Barbee, his deposition *de bene esse* was taken after due notice to the defendants in the original action of Green Barbee v. W. P. Cannady on 22 August, 1923, before James R. Stone, commissioner.

"To the introduction of said deposition by the present plaintiffs, the defendant, Cannady, in apt time, objected—objection overruled, and defendant, Cannady, excepted.

"This deposition was then offered by the present plaintiff at the trial of said action, and which tended to prove the allegations of the complaint.

### DEFENDANT'S TESTIMONY.

"The defendants offered the deposition of E. Stewart Cole, who took the acknowledgment of Green Barbee and wife, to the deed in controversy, which tended to prove the defense set forth in the answer.

"After the charge of his Honor and the jury had answered the issues submitted to them in favor of the plaintiff, his Honor signed the following order, to wit:

"*Order making Hosea Barbee, Executor of Green Barbee, and others, Parties Plaintiff.*

"Upon motion of counsel for the plaintiff in the above entitled action, it appearing that the plaintiff has died since the commencement of this action, it is hereby ordered that Hosea Barbee and wife, Cora Barbee, Jeff Foust and wife, Bessie Foust, Mary F. Daniel, widow, Ed. Bumpass, husband of Theodosia Bumpass, deceased, and Edmonia Bumpass, only daughter of Theodosia Bumpass, Charles Jones and wife, Anna Jones, Jonah Barbee and wife, Daisy Barbee, and Hosea Barbee, executor, all of the heirs at law and representatives of Green Barbee, be made parties plaintiff to this action; and counsel for said parties, having appeared in open court and agreed to adopt the complaint and other pleadings filed in behalf of the plaintiff in this action, it is thereupon ordered that Hosea Barbee and wife, Cora Barbee, Jeff Foust and wife, Bessie Foust, Mary F. Daniel, widow, Ed. Bumpass, husband of Theodosia Bumpass, deceased, and Edmonia Bumpass, only daughter of Theodosia Bumpass,

Charles Jones and wife, Anna Jones, Jonah Barbee and wife, Daisy Barbee, and Hosea Barbee, executor, be, and they are hereby, made parties plaintiff in this action in the place and stead of Green Barbee, deceased.

"HENRY A. GRADY, *Judge Presiding.*

"To the signing of the foregoing order the defendants objected. The objection was overruled by the court, and the defendant, Cannady, excepted."

The main assignments of error are as follows:

"1. The action of his Honor in permitting the present plaintiffs to be substituted as parties after the trial had commenced and the jury had been selected.

"2. The action of his Honor in permitting introduction of deposition of Green Barbee.

"3. The action of his Honor in signing the formal order making plaintiffs parties after the completion of the trial."

*Victor S. Bryant for plaintiff.*
*R. O. Everett and Brawley & Gantt for W. P. Cannady.*

CLARKSON, J. The defendant's first assignment of error is as follows: "The action of his Honor in permitting the present plaintiffs to be substituted as parties, after the trial had commenced and the jury had been selected."

The action was instituted originally by Green Barbee to set aside a deed. Barbee died and his executor was then made a party plaintiff.

As far as can be ascertained from the record, the will of Green Barbee had no bearing on the land in controversy. In *Harris v. Bryant,* 83 N. C., p. 571, it is held the executor and not the heirs, represents the estate where land is directed by will to be sold and converted into money, and the latter are not necessary parties to a suit concerning the disposition of and charges on such estate.

In *Speed v. Perry,* 167 N. C., p. 129, it is held: "The real estate did not vest in them, unless there is a provision in the will to that effect, which is not yet shown. This Court held in *Floyd v. Herring,* 64 N. C., 409, following *Ferebee v. Proctor,* 19 N. C., 439, that 'a personal representative has no control of the freehold estate of the deceased, unless it is vested in him by a will, or where there is a deficiency of personal assets and he obtains a license to sell real estate for the payment of debts. The control derived from a will may be either a naked power of sale or a power coupled with an interest. The heir of the testator is not divested of the estate which the law casts upon him, by any power or trust, until it is

executed.' See, also, *Womble v. George,* 64 N. C., 759; *Fike v. Green, ibid.,* 665; *Beam v. Jennings,* 89 N. C., 451; *Holton v. Jones,* 133 N. C., at p. 401; *Munds v. Cassidey,* 98 N. C., 558; *Perkins v. Presnell,* 100 N. C., 220; *Gay v. Grant,* 101 N. C., 219."

When Green Barbee died, under the facts in the present case, the real estate did not vest in the executor, but in the heirs at law of Green Barbee and they were the "real party in interest."

C. S., 446, in part, is as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided"; etc.

C. S., 547, is as follows: "The judge or court may, *before and after judgment,* in furtherance of justice, and on such terms as may be proper, *amend any pleading, process or proceeding, by adding or striking out the name of any party;* by inserting other allegations material to the case; or *when the amendment does not change substantially the claim or defense,* by conforming the pleading or proceeding to the fact proved. When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it conformable thereto."

C. S., 460, in part, is as follows: "The Court either between the terms, or at a regular term, according to the nature of the controversy, may determine any controversy before it, when it can be done without prejudice to the rights of others, *but when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in.* When in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in its subject-matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment," etc.

The language of the statute, C. S., 547, is that an amendment cannot "change substantially the claim or defense." An amendment cannot change the nature of the action or defense without consent, nor essentially change the original cause of action. In the case at bar, the amendment did not change substantially the claim or change the nature of the action, or essentially change the original cause of action. On the death of Green Barbee the action did not abate; he had filed the complaint and died during the pendency of the action, and when his heirs at law were made parties they adopted the complaint already filed.

C. S., 461, is as follows: "1. *No action abates by the death;* marriage, or other disability of a party, or by the transfer of any interest therein, if the cause of action survives, or continues. In case of death, except in suits for penalties and for damages merely vindictive, or in case of marriage or other disability of a party, the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint,

may allow the action to be continued, *by, or against, his representative or successor in interest.* In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action," etc.

After death of party or transfer of interest in an action for land, there is no abatement. *Burnett v. Lyman,* 141 N. C., 500; *Ins. Co. v. R. R.,* 179 N. C., 255; *Redmon v. Ins. Co.,* 184 N. C., 481.

In *Joyner v. Fiber Co.,* 178 N. C., 635, it was held: "The court had the right, and in fact it was its duty, to require all the parties to be brought in whose rights would be affected by the proceeding. Rev., 414 (C. S., 460). The trial judge found as a fact that said company was a proper and necessary party after the alleged compromise, and his action was not reviewable. *Aiken v. Mfg. Co.,* 141 N. C., 339. The judgment 'may determine the ultimate rights of the parties on each side between themselves.' Rev., 563 (C. S., 602). An order making additional parties is not appealable. *Bennett v. Shelton,* 117 N. C., 103; *Emry v. Parker,* 111 N. C., 261; *Lane v. Richardson,* 101 N. C., 181; and would have been premature, *Etchison v. McGuire,* 147 N. C., 389; *Bernard v. Shemwell,* 139 N. C., 447; *Tillery v. Candler,* 118 N. C., 889." *Bynum v. Bynum,* 179 N. C., 14.

20 R. C. L., p. 698, says: "The general rule that an amendment may be made at any time in the discretion of the court, if the claim or defense is not thereby changed, applies generally to the substitution of parties. . . . No amendment of any pleading nor the filing of any additional pleading is required when the pleadings already filed state the cause of action or defense for or against the party substituted. And, as a general rule, the substituted party takes up the prosecution or defense at the point where the original party left it, assuming the burdens as well as receiving the benefits."

We think the case cited by defendant, *Merrill v. Merrill,* 92 N. C., 665, not inconsistent with the view here taken: "The court has no authority to convert a pending action that cannot be maintained, into a new one, by admitting a new party plaintiff solely interested, and allowing him to assign a new and different cause of action, if the defendant shall object. The statute allowing necessary additional parties to be made in an action does not contemplate such an exercise of power. There is neither principle, nor statute, nor practice that allows such a course of procedure; it would certainly lead to endless complications, confusion and injustice. An action, separate and distinct from a pending one, must be begun according to the ordinary course of procedure." *Cooper v. R. R.,* 165 N. C., p. 578.

The second assignment of error: "The action of his Honor in permitting introduction of deposition of Green Barbee." On the death of Green Barbee, the action did not abate. There was no new action by making his heirs at law parties. The record shows "that on account of the ill health of the said Green Barbee, his deposition *de bene esse* was taken after due notice to the defendants in the original action of Green Barbee v. W. P. Cannady on 22 August, 1923, before James R. Stone, commissioner." The deposition was regularly taken in accordance with C. S., 1821, which is as follows: "Every deposition taken and returned in the manner provided by law may be read on the trial of the action or proceeding, or before any referee, in the following cases, and not otherwise: . . . (4) If the witness is so old, sick or infirm as to be unable to attend court." *Cooper v. R. R.,* 170 N. C., p. 493. This assignment of error cannot be sustained.

Under our civil procedure, and the decisions of this Court, the object to be obtained is to try cases on their merits and see that substantial justice is done. The limit to amendments is that they do not change substantially the claim or defense or assign a new and different cause of action.

It was earnestly argued by the able counsel for defendant that injustice has been done defendant in allowing the amendment making the heirs of Green Barbee parties to the action after the trial had commenced and the jury selected and empaneled. The action did not abate, and allowing the amendment was a matter in the sound discretion of the court below. The court was the impartial arbiter in the controversy with no bias in favor of either side, but to see that exact justice was done. The fact that the court signed the order after the trial *nunc pro tunc,* having previously allowed the amendment, was in the sound discretion of the court.

From the record, there was no error in law.

No error.