## KATIE GARRETT v. I. WOODALL ROSE.

(Filed 15 October, 1952.)

**1. Appeal and Error § 2—**

The denial of a motion for judgment on the pleadings is not immediately appealable, since otherwise a litigant could delay' the administration of justice in contravention of Art. I, sec. 35, of the State Constitution, but movant is entitled to preserve exceptions to the ruling and have the exception considered on appeal from a final judgment adverse to him.

**2. Ejectment § 14: Pleadings § 28—**

The fact that plaintiff, in her reply, admits the execution of certain instruments in the chain of title set up in defendant's answer does not entitle defendant to judgment on the pleadings when the reply also alleges matters for the purpose of avoiding such instruments and denies the defendant's averment of title and right of possession and leaves unimpaired plaintiff's allegations in the complaint of title and right of possession in herself.

GARRETT *v.* ROSE.

**3. Appeal and Error § 2—**

An immediate appeal lies from the granting of a motion to strike out certain parts of a pleading.

**4. Pleadings § 31—**

Allegations of an answer which either in themselves or in connection with other averments tend to state a defense or a counterclaim cannot be held irrelevant and should not be stricken upon motion.

**5. Pleadings § 10—**

Under G.S. 1-137 (1) defendant may set up as a counterclaim an action existing in his favor either by himself or together with the other defendants against plaintiff, or all plaintiffs, if there be more than one, upon which a several judgment might be had, provided such cause of action arises out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim.

**6. Pleadings § 31: Ejectment § 14—Allegations of answer held to state both defense and counterclaim and therefore motion to strike was improperly allowed.**

Plaintiff instituted suit in ejectment upon general allegation of title and right of possession. Defendant set up as a further defense that plaintiff was a remainderman under the will of her grandfather, that prior to the contingency upon which the remainder vested, defendant and the other contingent remaindermen executed deed to defendant's grantor upon stipulations that plaintiff's grantor should pay a stated sum within twelve months from the vesting of the remainder, which sum should constitute a charge on the land, and that contemporaneously therewith the remaindermen executed a contract under which they agreed that the consideration should be paid to all of them, share and share alike, instead of going to such as should be living at the date of the happening of the contingency vesting title. *Held:* The allegations in regard to the contract, combined with other averments in the answer, constitute both a defense, as a denial of plaintiff's title, and a counterclaim, since it is connected with the subject matter of plaintiff's action and defendant would be entitled to judgment thereon against plaintiff that defendant owns the land subject to the charge for the monetary consideration, and therefore the allegations in regard to the contract were improvidently stricken on plaintiff's motion.

**7. Parties § 10a—**

Under G.S. 1-73 the trial court should bring in all parties who have such interest in the subject matter of the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without their presence. Art. I, sec. 17, of the State Constitution.

**8. Same—**

Defendant in ejectment set up the defense of title in himself subject to a charge upon the land in a specified amount payable to the contingent remaindermen, share and share alike. *Held:* It was error for the court to refuse to permit the administrator of two of such remaindermen to intervene in order that their rights to their respective shares of the consideration could be determined.

GARRETT *v.* ROSE.

APPEALS by the defendant and a third party, to wit, J. Brian Scott, Ancillary Administrator with the will annexed of two separate estates, from *Frizzelle, J.,* at May Term, 1952, of WILSON.

Civil action involving conflicting claims of title to land heard upon motion of plaintiff to strike parts of answer, motion of defendant for judgment on the pleadings, and application of third person for leave to intervene.

The facts necessary to an understanding of the problems posed by the appeals are stated in the numbered paragraphs set forth below.

1. The property in controversy is a large farm in Wilson County.

2. The plaintiff, Katie Garrett, brought this action against the defendant, I. Woodall Rose, to recover possession of the farm. She did not allege in her complaint how she acquired the rights claimed by her in the action. She merely alleged in general terms that she owns the farm in fee simple; that as its fee simple owner she is entitled to its immediate possession; that the defendant is in its actual possession; and that the defendant wrongfully withholds such possession from her. She prayed that she be adjudged to be the fee simple owner of the farm, that she be put in its immediate possession, and that she be awarded any additional appropriate relief.

3. When he answered the complaint, the defendant denied all of its material allegations except the averment that he is in the actual possession of the farm. He then alleged that his possession of the farm is rightful because he owns it under the chain of title described in the portion of the answer entitled "further defense."

4. The "further defense" occupies 47 pages of the record. When its allegations are reduced to ultimate averments, they come to this: David Williams, the one time owner of the farm, died in 1881, leaving a duly probated will whereby he devised the farm to his granddaughter Frances Louisa Harrison for life, with remainder in fee to her issue. The will specified further that if Frances Louisa Harrison should die leaving no issue surviving her, the farm would be "divided . . . equally . . . in fee simple" among such of the other grandchildren of the testator, David Williams, as should "be then living." All of the grandchildren of David Williams were born and attained adultness before 3 November, 1916. They consisted on that day of the plaintiff Katie Garrett and seven others, namely, Frances Louisa Harrison, Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams. Frances Louisa Harrison was then a widow without living children. On 3 November, 1916, Frances Louisa Harrison, as lessor, and A. P. Petway, as lessee, entered into an agreement in writing whereby Frances Louisa Harrison leased the farm "unto . . . A. P. Petway and his heirs and assigns" for the term of her natural life, and whereby A. P. Petway bound

himself, his personal representatives, and assigns, to pay stipulated annual rents to Frances Louisa Harrison "for the balance of . . . (her) . . . life." On the same day the plaintiff Katie Garrett and six other grandchildren of David Williams, namely, Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams, and H. G. Connor, Jr., Commissioner, as grantors, and A. P. Petway, as grantee, made certain deeds whereby the grantors conveyed to A. P. Petway in fee simple the remainder interests in the farm of the unborn issue of Frances Louisa Harrison and the remainder interests in the farm of the seven grandchildren of David Williams who joined in the deeds, and whereby A. P. Petway bound himself and his personal representatives to make payment of $15,500.00, the sale price of the remainder, "within twelve months after the death of Frances Louisa Harrison . . . to those persons entitled to said . . . land under the will of . . . David Williams upon the death of . . . Frances Louisa Harrison, with interest thereon at 6% per annum . . . from the date of her death," and whereby it was stipulated that the sale price of the remainder should constitute a charge upon the farm until it should be paid. The conveyance of the remainder interests of the unborn issue of Frances Louisa Harrison was made by H. G. Connor, Jr., Commissioner, in conformity to a prior judgment rendered by Judge Oliver H. Allen, the presiding jurist, at the October Term, 1916, of the Superior Court of Wilson County in a civil action in which all of the grandchildren of David Williams and their spouses were plaintiffs, and "the contingent interest, the possible child and issue of Frances Louisa Harrison not now in being, and H. G. Connor, Jr., Guardian *ad litem* for the unborn and unknown contingent remaindermen," were defendants. On the day on which the deeds were made, to wit, 3 November, 1916, the plaintiff Katie Garrett and Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams, entered into a contract under seal whereby they covenanted, in substance, that the $15,500.00 to be paid by A. P. Petway for the remainder interests in the farm should belong to all seven of them, share and share alike, instead of going to such of them as should be living at the death of Frances Louisa Harrison. The civil action was brought and the lease, deeds, and contract were executed as a single and indivisible transaction for the purpose of carrying into effect a previous contract between the eight grandchildren of David Williams and A. P. Petway for the sale and conveyance of the farm. Subsequent to the events depicted above, the defendant acquired the farm in fee simple, subject to the charge for $15,500.00, by *mesne* conveyances from A. P. Petway. Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams predeceased Frances Louisa Harrison, who died on 16 December, 1950, without leaving issue. As a con-

sequence of these things, the plaintiff Katie Garrett, who is the sole survivor of the grandchildren of David Williams, has no interest in the farm except "a lien . . . for whatever part of the $15,500.00 consideration . . . to which she might be . . . entitled."

5. The defendant has paid the sum of $15,500.00 with interest from 16 December, 1950, into the office of the Clerk of the Superior Court of Wilson County. He prays in his answer for this relief: That the action of the plaintiff be dismissed; that he be adjudged to be the owner of the farm in fee simple; that any persons claiming an interest in the $15,500.00 be made parties defendant; that the court declare to whom the $15,500.00 should be paid, and in what proportion; and that the defendant be awarded any additional appropriate relief.

6. The plaintiff replied to the "further answer" of the defendant. The reply admits the execution and probate of the will of David Williams, the institution and prosecution of the civil action in which Judge Allen rendered judgment, and the making of the lease, deeds, and contract of 3 November, 1916, and pleads various matters for the avowed purpose of avoiding the lease, deeds, and contract, and certain alleged subsequent deeds not specifically mentioned in the "further answer" under which the defendant supposedly claims. The reply expressly denies the allegation of the "further defense" that the defendant has acquired title to the farm by *mesne* conveyances from A. P. Petway, and does not abandon or qualify in any way the general averments of the complaint as to the title and right of possession of the plaintiff.

7. Before she filed her reply, the plaintiff moved to strike from the "further defense" all allegations identifying the heirs and devisees of the deceased grandchildren of David Williams, and all allegations asserting that on 3 November, 1916, the plaintiff Katie Garrett and Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams entered into a contract under seal whereby they covenanted, in substance, that the $15,500.00 to be paid by A. P. Petway for the remainder interests should belong to all seven of the contracting parties, share and share alike, instead of going to such of them as should be living at the death of Frances Louisa Harrison; and after the plaintiff replied to the "further answer," the defendant moved for judgment on the pleadings. When he ruled on these matters, Judge Frizzelle granted the plaintiff's motion to strike, and denied the defendant's motion for judgment on the pleadings; and the defendant excepted and appealed, assigning both rulings as error.

8. J. Brian Scott, as ancillary administrator with the will annexed of the estates of Alice W. Pender and R. Lloyd Williams, made a verified application to Judge Frizzelle for leave to intervene in the action, setting forth in detail matters identical with those stated in the defendant's "fur-

ther answer," and praying that he be made a party defendant to the action as the personal representative of both of these decedents to the end that he might recover from the defendant "for the benefit of each of his said estates, one-seventh of the sum of $15,500.00 with interest thereon at the rate of 6% per annum from December 16, 1950, until paid." Judge Frizzelle denied the application for leave to intervene, and J. Brian Scott, as ancillary administrator with the will annexed of the estates of Alice W. Pender and R. Lloyd Williams, excepted and appealed, assigning that ruling as error.

*Allsbrook & Benton and Gardner, Connor & Lee for plaintiff, appellee.*
*Bunn & Bunn, Lucas & Rand, and Battle, Winslow & Merrell for defendant and J. Brian Scott, ancillary administrator c.t.a., appellants.*

ERVIN, J. The defendant undertakes to raise these questions on his appeal:

1. Did the judge err in denying his motion for judgment on the pleadings?

2. Did the judge err in striking from the answer the allegations concerning the contract of the grandchildren of David Williams for the division of the consideration to be paid by A. P. Petway for the remainder interests in the farm?

The first of these questions is not properly before us for the very simple reason that an immediate appeal does not lie from the denial of a motion for judgment on the pleadings. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384. This rule is bottomed on sound reason. It is designed to make effective the constitutional guaranty that justice shall be administered without delay. N. C. Const., Art. I, Section 35; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377. If the law permitted an immediate appeal from the denial of a motion for judgment on the pleadings, any litigant could delay the trial of any action on its merits by the simple expedient of moving for judgment on the pleadings and giving notice of appeal from an adverse ruling on his motion. The rule does not preclude a litigant from obtaining a judicial review of the propriety of the denial of his motion for judgment on the pleadings in case it becomes necessary. He may preserve an exception to the ruling, and have it considered on an appeal from a final judgment adverse to him. *Erickson v. Starling, supra.*

We would be compelled to affirm the ruling of the judge denying the motion for judgment on the pleadings if such ruling were subject to review at this time. The able counsel who represent the defendant have succumbed to the temptation which lies in constant wait for loyal and optimistic advocates, and causes its victims to see in the denials of their adversaries admissions of the justice of their client's cause. The record

does not support their contention that the reply admits all of the material allegations of the answer. While it does concede the execution of certain of the instruments in the defendant's chain of title, the reply denies the crucial averments of the answer relating to the title and right of possession of the defendant, and leaves unimpaired the allegations of the complaint respecting the title and right of possession of the plaintiff.

The statute codified as G.S. 1-153 specifies that "if irrelevant . . . matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby." The judge acted under this statutory provision when he allowed the motion of the plaintiff to strike from the answer the allegations that on 3 November, 1916, the plaintiff entered into a contract under seal with Margaret Barrow, Frank W. Garrett, Paul Garrett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams whereby the contracting parties covenanted, in substance, that the $15,500.00 to be paid by A. P. Petway for the remainder interests in the farm should belong to all seven of them, share and share alike, instead of going to such of them only as should be living at the death of Frances Louisa Harrison. The question of the correctness of this ruling is properly before us because an immediate appeal lies from the granting of a motion to strike out parts of a pleading. *Loan Co. v. Warren,* 204 N.C. 50, 167 S.E. 494; *Ellis v. Ellis,* 198 N.C. 767, 153 S.E. 449.

If allegations in a pleading are relevant upon any admissible theory, they ought not to be stricken out on motion. The test of relevancy of allegations sought to be stricken from an answer is whether such allegations, either in themselves or in connection with other averments, tend to state a defense or a counterclaim. If they do, they are not irrelevant, and ought not to be expunged. *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *Ederer v. Froberg,* 115 Ind. App. 414, 59 N.E. 2d 595; 71 C.J.S., Pleading, section 465.

Under the first subdivision of the statute embodied in G.S. 1-137, a cause of action may be pleaded as a counterclaim in an action when it satisfies this twofold requirement:

1. The cause of action must be one existing in favor of a defendant and against a plaintiff between whom a several judgment may be had in the action.

2. The cause of action must either arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or be connected with the subject of the action.

A several judgment may be had on a counterclaim within the purview of the statute when judgment may be rendered for the plaintiff, or all of the plaintiffs, if more than one, or for the defendant, or all of the defendants, if more than one, accordingly as the court may decide in favor of the one side or the other. *Lumber Co. v. Wallace,* 93 N.C. 22. The term

"subject of the action," as used in the statute, denotes the thing in respect to which the plaintiff's right of action is asserted, such as the wrongful act for which damage is sought, or the contract which is broken, or the threatened act which is sought to be restrained, or the property which is sought to be recovered. *Smith v. Gibbons,* 230 N.C. 600, 54 S.E. 2d 924; *Hancammon v. Carr,* 229 N.C. 52, 47 S.E. 2d 614; *Lassiter v. Railroad Co.,* 136 N.C. 89, 48 S.E. 642, 1 Am. Cas. 456.

When the allegations relating to the contract of 3 November, 1916, and the other averments of the "further defense" of the defendant are combined, they state, in substance, that the defendant owns the farm in fee simple, subject, however, to the unpaid consideration for the remainder interests amounting to $15,500.00 plus accrued interest from 16 December, 1950, which constitutes a charge upon the farm, and which the defendant must pay in equal shares to the plaintiff and the personal representatives of the other six contracting parties, who are now dead, in order to protect his title to the premises.

These facts, if true, show that the claim of the plaintiff to the farm is not good, and for that reason are a defense to the complaint. These facts, if true, likewise constitute a cause of action in favor of the defendant and against the plaintiff, warranting a judgment declaring that the defendant owns the farm in fee subject to the charge for the unpaid consideration with accrued interest, that the plaintiff has no interest in the farm except a charge for one-seventh of the unpaid consideration with accrued interest, and that the defendant is entitled to remove the charge from the farm by paying the unpaid consideration with accrued interest in equal parts to the plaintiff and the personal representatives of the other six contracting parties, who have died. Moreover, the first subdivision of G.S. 1-137 permits the defendant to plead his cause of action against the plaintiff as a counterclaim in the instant action. Such cause of action is connected with the subject of this action, *i.e.,* the farm, and a several judgment may be had between the plaintiff and the defendant in respect to it in this action. *McLean v. McDonald,* 173 N.C. 429, 92 S.E. 148; *Yellowday v. Perkinson,* 167 N.C. 144, 83 S.E. 341; *Lumber Co. v. Wallace, supra.*

Since the allegations relating to the contract of 3 November, 1916, in combination with other averments, state both a defense and a counterclaim, they are not irrelevant, and the judge erred in striking them from the answer.

This brings us to the appeal of J. Brian Scott, ancillary administrator with the will annexed, which presents the question whether the judge erred in denying his application for leave to intervene in the action as a party defendant in his dual capacity as personal representative of Alice W. Pender and R. Lloyd Williams for the purpose of asserting a claim

"for the benefit of each of his . . . estates" to one-seventh of the $15,-
500.00 allegedly constituting a charge on the farm.

When the decision in the recent case of *Scott v. Jordan,* 235 N.C. 244,
69 S.E. 2d 657, was handed down, we pointed out that under the law of
the land clause enshrined in Article I, Section 17, of the North Carolina
Constitution a judgment is not binding on those who are not parties to
the action in which the judgment is rendered, and suggested that judges
and lawyers would do well to ponder the implications of that constitu-
tional principle when they consider who should be made parties to liti-
gation.

The Legislature undoubtedly pondered these implications when it in-
serted these words in the statute now codified as G.S. 1-73: "When a
complete determination of the controversy cannot be made without the
presence of other parties, the court must cause them to be brought in."
Under this statutory provision, a person who is a necessary party has an
absolute right to intervene in a pending action, and the court commits
error when it refuses to permit him to exercise such right. *Simms v.
Sampson,* 221 N.C. 379, 20 S.E. 2d 554; *Temple v. Hay,* 184 N.C. 239,
114 S.E. 162.

A person is a necessary party to an action when he is so vitally inter-
ested in the controversy involved in the action that a valid judgment
cannot be rendered in the action completely and finally determining the
controversy without his presence as a party. *Colbert v. Collins,* 227 N.C.
395, 42 S.E. 2d 349; *Jones v. Griggs,* 219 N.C. 700, 14 S.E. 2d 836;
39 Am. Jur., Parties, section 5; 67 C.J.S., Parties, section 1.

The controversy involved in the case at bar is whether the plaintiff
owns the farm in fee simple absolute, or whether the defendant owns the
farm in fee simple, subject to a charge of $15,500.00 with interest from
16 December, 1950, payable in equal shares to the plaintiff and the per-
sonal representatives of Margaret Barrow, Frank W. Garrett, Paul Gar-
rett, Alice W. Pender, Dora Vinson, and R. Lloyd Williams. It is mani-
fest that the personal representatives of these six decedents are so vitally
interested in this controversy that a valid judgment cannot be rendered
in this action completely and finally determining the controversy without
their presence as parties. This being true, they are necessary parties to
the action.

It follows that the judge erred in denying the application of J. Brian
Scott, ancillary administrator with the will annexed of the estates of
Alice W. Pender and R. Lloyd Williams, for leave to intervene. It also
follows that the judge should have had the personal representatives of
Margaret Barrow, Frank W. Garrett, Paul Garrett, and Dora Vinson
brought in. *Riddick v. Davis,* 220 N.C. 120, 16 S.E. 2d 662; *Barbee v.
Cannady,* 191 N.C. 529, 132 S.E. 572; *McKeel v. Holloman,* 163 N.C.

132, 79 S.E. 445; *Burnett v. Lyman,* 141 N.C. 500, 54 S.E. 412; *Parton v. Allison,* 111 N.C. 429, 16 S.E. 415; *Kornegay v. Steamboat Co.,* 107 N.C. 115, 12 S.E. 123.

For the reasons given, the order striking from the answer the allegations relating to the contract of 3 November, 1916, and the order denying J. Brian Scott, ancillary administrator with the will annexed, leave to intervene are

Reversed.