ELLEN TOMLINSON v. CAMEL CITY MOTORS, INC., JAMES ALBERT (BABE) JOHNSON, JR., BARCLAYS AMERICAN/FINANCIAL, INC. AND LAWYERS SURETY CORPORATION

No. 9021DC195

(Filed 15 January 1991)

1. **Principal and Surety § 1.1 (NCI3d) — automobile dealer — unfair and deceptive trade practice — liability of surety**

The trial court did not err by granting summary judgment against Lawyers Surety Corporation, the surety for defendant Camel City Motors, in an action in which plaintiff claimed that defendants had promised to assume the payments on her trade-in vehicle and failed to do so, plaintiff included a claim for unfair and deceptive trade practices, defendants Camel City and Johnson failed to answer, a default judgment was entered against them for treble damages totaling $10,379.16, defendant Lawyers Surety Corporation admitted that it was the surety required by N.C.G.S. § 20-288 for defendant Camel City Motors, summary judgment was granted against Lawyers Surety, and Lawyers Surety assigns error to the requirement that it pay treble damages because there was no finding in any order of the trial court of a violation of N.C.G.S. § 75-1.1 or that it was responsible for more than compensatory damages. Lawyers Surety did not appeal from the judgment against the principal; it is well settled that findings of fact are unnecessary in summary judgment cases; the only inference that can be drawn from defendant's argument as to the existence of an issue of material fact is the limit of its liability as a

TOMLINSON v. CAMEL CITY MOTORS

[101 N.C. App. 419 (1991)]

surety; the limit of liability in the statute was not exceeded; and summary judgment was therefore properly entered.

**Am Jur 2d, Suretyship §§ 25, 165.**

2. **Appeal and Error § 510 (NCI4th) — appeal lacking substantial merit — not frivolous — no sanctions**

A motion for sanctions against an automobile surety company for a frivolous appeal was denied where the Court of Appeals determined that the appeal lacked substantial merit, but could not say that it was frivolous. N.C. Rules of Appellate Procedure, Rules 34 and 37.

**Am Jur 2d, Appeal and Error § 912.**

APPEAL by defendant Lawyers Surety Corporation from order entered 7 February 1990 in FORSYTH County District Court by *Judge William B. Reingold.* Heard in the Court of Appeals 10 December 1990.

Plaintiff brought an action for damages arising out of a transaction with defendant Camel City Motors, Inc., through its agent defendant Johnson, in which plaintiff claimed that defendants had promised to assume the payments on her trade-in vehicle and failed to do so. She included a claim for unfair and deceptive trade practices and prayed that all damages be trebled pursuant to that statute. Defendants Camel City and Johnson failed to answer, and a default judgment was entered against them for treble damages totalling $10,379.16 and attorney's fees of $2,563.00.

Defendant Lawyers Surety Corporation (Lawyers Surety) admitted that it was the surety required by the North Carolina General Statutes for defendant Camel City Motors when the complained-of actions occurred. Plaintiff moved for summary judgment against Lawyers Surety based on its liability as a surety for these damages. Summary judgment was granted on 7 December 1989 against Lawyers Surety and for plaintiff. Lawyers Surety appeals.

*Legal Aid Society of Northwest North Carolina, Inc., by Hazel M. Mack, for plaintiff-appellee.*

*Morgan, Herring, Morgan, Green, Rosenblutt & Gill, by David K. Rosenblutt, for defendant-appellant.*

WELLS, Judge.

[1] Lawyers Surety assigns error to the order requiring it to pay the treble damages of $10,379.16 because there was no finding in any order of the trial court entered in this cause of a violation of N.C. Gen. Stat. § 75-1.1 or that it was responsible for more than compensatory damages. Insofar as this appeal attempts to attack the default judgment entered against defendants Camel City and Johnson, we note that while a surety has a limited right to appeal from a judgment against a principal, see 4 Am. Jur. 2d Appeal and Error § 200 (1962), Lawyers Surety did not appeal from the judgment against the principal. Lawyers Surety's attempt to appeal from the summary judgment entered against it is also fatally flawed. It has provided no authority for its scant argument that the trial court erred, and has thus subjected this appeal to dismissal through this inadequacy. Byrne v. Bordeaux, 85 N.C App. 262, 354 S.E.2d 277 (1987). We will, nevertheless, consider the merits of the appeal.

Lawyers Surety has assigned error to the entry of summary judgment because the judgment does not contain certain factual findings. It is well settled that findings of fact are unnecessary in summary judgment cases. Ellis v. Williams, 319 N.C. 413, 355 S.E.2d 479 (1987). The limited inquiry on appeal is whether there is a genuine issue of material fact and whether the moving party is entitled to summary judgment. Id. The only inference that can be drawn from defendant's argument as to the existence of a material fact is the limit of its liability as a surety. While it is true that the liability of a surety depends on the language of its contract or bond, see In re Simon, 36 N.C. App. 51, 243 S.E.2d 163 (1978), Lawyers Surety admitted that it was the surety pursuant to the North Carolina General Statutes for Camel City during the time complained of. The statute requiring the furnishing of a surety bond by car dealers is N.C. Gen. Stat. § 20-288, which provides:

Any purchaser of a motor vehicle who shall have suffered any loss or damage by any act of a motor vehicle dealer that constitutes a violation of this Article or Article 15 shall have the right to institute an action to recover against such motor vehicle dealer and the surety.

The only limit of liability in this statute is the principal amount of the bond ($15,000.00), which was not exceeded in this case. The conduct complained of was a violation of the applicable article.

RIGGS v. ZONING BD. OF ADJUSTMENT

[101 N.C. App. 422 (1991)]

*See NCNB Nat'l Bank of N.C. v. Western Sur. Co.*, 88 N.C. App. 705, 364 S.E.2d 675 (1988); N.C. Gen. Stat. § 20-294 (1989). Defendant did not show any forecast of evidence to the trial court sufficient to withstand plaintiff's motion. Summary judgment was therefore properly entered.

[2] Plaintiff has moved this Court for the imposition of sanctions against Lawyers Surety pursuant to Rules 34 (frivolous appeals) and 37 of the North Carolina Rules of Appellate Procedure, claiming that this appeal is frivolous and filed for the improper purpose of delaying payment of the judgment. While we have determined that Lawyers Surety's appeal lacks substantial merit, we cannot say that it was frivolous and we therefore deny plaintiff's motion.

As to defendant Lawyers Surety's appeal, the judgment of the trial court is

Affirmed.

As to plaintiff's motion for sanctions, that motion is

Denied.

Chief Judge HEDRICK and Judge ORR concur.