THE ESTATE OF GILBERT BARBER, BY AND THROUGH ITS ADMINISTRATORS, JESSIE BARBER AND CALVERT STEWART; AND JESSIE BARBER AND CALVERT STEWART, AS PARENTS OF THE DECEDENT, PLAINTIFFS v. GUILFORD COUNTY SHERIFF'S DEPARTMENT AND THOMAS GORDY, IN HIS OFFICIAL CAPACITY, DEFENDANTS

No. COA03-146

(Filed 16 December 2003)

**1. Specific Performance— enforcement—original action dismissed**

The trial court erred by ordering specific performance of a settlement agreement based upon a motion for sanctions where the moving party had dismissed the original action after the agreement was signed. After taking a voluntary dismissal with prejudice, the moving party (defendant) could only institute a new action or file a motion to set aside the dismissal.

**2. Civil Procedure— voluntary dismissal—proceeding under Rule 60(b)—motion to set aside**

A voluntary dismissal without prejudice is a "proceeding" under Rule 60(b), and the trial court should have ruled on defend-

ESTATE OF BARBER v. GUILFORD CTY. SHERIFF'S DEP'T

[161 N.C. App. 658 (2003)]

ant's motion to set aside his voluntary dismissal of a counterclaim pursuant to Rule 60(b) on the basis of misrepresentation and misconduct by plaintiffs.

## 3. Constitutional Law— Free Speech—settlement agreement—voluntary waiver

A settlement agreement limiting the things that wrongful death plaintiffs could say constituted a voluntary, knowing, and intelligent waiver of the First Amendment right to free speech.

## 4. Arbitration and Mediation— mediated settlement agreement—violation—sanctions—authority

The trial court erred by imposing sanctions on a party who violated a settlement agreement. The Mediation Rules require attendance at a conference, but do not require that a party abide by the terms of an agreement entered into at a mediated settlement conference where the agreement is not entered as a consent judgment of the court.

Appeal by plaintiffs Jessie Barber and Calvert Stewart from order entered 15 October 2002 by Judge John O. Craig, III, in Guilford County Superior Court. Heard in the Court of Appeals 29 October 2003.

*Lawyers' Committee for Civil Rights Under Law, by Anita S. Hodgkiss, for plaintiffs-appellants.*

*Moss, Mason & Hill, by Matthew L. Mason and William L. Hill, for defendant-appellee Thomas Gordy.*

TYSON, Judge.

Jessie Barber and Calvert Stewart ("plaintiffs") appeal from an order imposing sanctions on plaintiffs and specifically enforcing a settlement agreement between plaintiffs and Thomas Gordy ("defendant").

## I. Background

On 15 July 2002, plaintiffs and defendant attended a mediated settlement conference. The mediated settlement conference concluded after plaintiffs and defendant signed a settlement agreement. The settlement agreement contained, among others, the following provisions:

2. Mr. Stewart and Ms. Barber shall focus their public discussion of the death of their son upon the institutions involved and the people heading those institutions and their immediate advisers— not upon Deputy Gordy;

3. Mr. Stewart and Ms. Barber agree not to use the word "murder" with respect to Deputy Gordy in the future and further agree that neither the results of the Sheriff Department's investigation nor their discovery in this action provide a basis for accusing Deputy Gordy of committing a crime.

Paragraph three was included in the settlement agreement at the specific request of the plaintiffs. Plaintiffs and their attorney signed the settlement agreement, as did defendant and his attorney. The settlement agreement did not provide that it would be entered as a consent judgment by the court. To comply with the settlement agreement, defendant dismissed his counterclaims with prejudice on 19 July 2002. Later that day, plaintiffs called a press conference at the Guilford County Courthouse. Plaintiff Barber stated that she did not intend to abide by the settlement agreement. She publicly stated, "Pysche! I lied. I will not honor it" and also called defendant a "murderer." Plaintiff Stewart also spoke at the press conference and called defendant various names, including "assassin," "executioner," and "butcher." Plaintiffs also stated they would not apologize to defendant as they had agreed in the settlement agreement.

On 26 July 2002, defendant filed a motion for sanctions against plaintiffs for violations of the settlement agreement and, in the alternative, to set aside defendant's entry of dismissal. The trial court granted defendant's motion for sanctions and ordered the settlement agreement specifically enforced. The court did not rule on defendant's motion to set aside the defendant's entry of dismissal with prejudice of his counterclaims. Plaintiffs ppeal.

## II. Issues

The issues are whether: (1) the trial court erred in approving and adopting the terms of the settlement agreement and in ordering specific performance of that settlement agreement; (2) the settlement agreement is unenforceable because it violates the freedom of speech guaranteed by the First Amendment to the United States Constitution and Article I and XIV of the North Carolina Constitution by placing a prior restraint on plaintiffs' speech; and (3) the trial court exceeded its authority in imposing sanctions on plaintiffs.

### III.  Specific Performance

**[1]** Plaintiffs contend that the trial court erred in ordering them to specifically perform all terms in the settlement agreement.

This Court, in *State ex rel. Howes v. Ormond Oil & Gas Co.*, stated "it is well-settled in North Carolina that compromises and settlements of controversies between parties are favored by our courts." 128 N.C. App. 130, 136, 493 S.E.2d 793, 796 (1997) (citing *PCI Energy Services, Inc. v. Wachs Technical Services, Inc.*, 122 N.C. App. 436, 439, 470 S.E.2d 565, 567 (1996)).

We explained that "[a]lthough our courts have not laid down a precise method for the enforcement of such agreements, the general rule in other jurisdictions is that a party may enforce a settlement agreement by filing a voluntary dismissal of its original claim and then instituting another action on the contract, *or* it may simply seek to enforce the settlement agreement 'by petition or motion in the *original* action.' " *Id.* at 136, 493 S.E.2d at 796-97 (emphasis supplied) (quoting *Beirne v. Fitch Sanitarium, Inc.*, 167 F. Supp. 652, 654 (S.D.N.Y. 1958)).

> Instead of instituting an action to enforce a compromise agreement, a [party] who has already commenced an action on an antecedent claim may seek to enforce a [compromise] which was entered into subsequently to the commencement of the action, and he may have the compromise enforced simply by moving for judgment in accordance with the terms of the compromise. Even where a [party] is seeking to obtain some form of equitable relief, rather than a payment of money, he may obtain a judgment in accordance with the terms of a compromise agreement and may thereby obtain whatever performance the [other party] agreed to in the compromise agreement.

*Id.* at 136-37, 493 S.E.2d at 797 (quoting 15 Am. Jur. 2d *Compromise and Settlement* § 38). This Court held that the trial court had the authority to enter specific performance since the parties and their action were still pending before the court when the State sought specific performance of the agreement on the State's original action. *Id.*

Here, plaintiffs originally brought suit against defendant and the Guilford County Sheriff's Department for violations of North Carolina constitutional rights and wrongful death. Defendant filed counterclaims against plaintiffs alleging defamation, abuse of

process, intentional infliction of emotional distress, and negligent infliction of emotional distress. Plaintiffs subsequently took a voluntary dismissal of their claims without prejudice.

Defendant's claims remained before the court, which ordered the parties to attend a pretrial mediated settlement conference in order to settle defendant's claims. A settlement was reached between the parties. On 19 July 2002, defendant voluntarily dismissed his counterclaims with prejudice after the settlement agreement was executed. Later that day, plaintiffs violated the settlement agreement by referring to defendant as a "murderer" at a public rally.

As stated above, defendant had two options in deciding how to specifically enforce the terms of the settlement agreement. Defendant could: (1) take a voluntary dismissal of his original action and then institute a new action on the contract, or (2) seek to enforce the settlement agreement by petition or motion in the *original* action. *Id.* at 136, 493 S.E.2d at 796-97 (emphasis supplied). Defendant chose the former of these two options and voluntarily dismissed his claims against plaintiffs. Defendant asks this Court to affirm the trial court's order of specific performance of the settlement agreement through his motion for sanctions under the second option.

Once defendant voluntarily dismissed his claims with prejudice, the only options defendant had left were to either institute a new action on the settlement agreement itself or to file a motion to set aside the dismissal with prejudice of his counterclaims. Defendant no longer had the option of seeking to specifically enforce the settlement agreement in the original action because the original action had been dismissed with prejudice.

The trial court erred in ordering specific performance of the settlement agreement based upon defendant's motion for sanctions. We reverse the order of the trial court granting specific performance of the settlement agreement.

## IV. Motion to Set Aside the Entry of Dismissal with Prejudice

[2] On 19 July 2002, after defendant voluntarily dismissed his counterclaims with prejudice to comply with the executed settlement agreement, plaintiffs breached the settlement agreement. Defendant filed a motion for sanctions and, in the alternative, to set aside the entry of dismissal of his counterclaims.

The trial court held a hearing on these motions, granted defendant's motion for sanctions, and erroneously ordered the terms of the settlement agreement to be specifically performed. The trial court did not rule on defendant's motion to set aside the dismissal of his counterclaims.

Under N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2001), a plaintiff may voluntarily dismiss a suit by filing a notice of dismissal at any time before resting his case. The rule provides that dismissal is without prejudice, unless otherwise stated, and allows a plaintiff to commence a new action on the same claim within one year. *Carter v. Clowers*, 102 N.C. App. 247, 251, 401 S.E.2d 662, 664 (1991); *see also* N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2001). "A dismissal taken with prejudice, however, 'indicates a disposition on the merits, [and] is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication.' " *Id.* (quoting *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987).

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2001) states:

On motion and upon such terms as just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (3) Fraud . . . misrepresentation, or other misconduct of an adverse party . . . .

"To proceed under Rule 60(b), however, requires an initial determination of whether a notice of dismissal constitutes a 'judgment, order or proceeding.' " *Carter*, 102 N.C. App. at 252, 401 S.E.2d at 665. This Court followed a United States District Court decision and held that a voluntary "dismissal can be considered a 'proceeding' thus allowing relief via Rule 60(b)." *Id.* (quoting *Noland v. Flohr Metal Fabricators, Inc.*, 104 F.R.D. 83, 85 (1984)). We explained that "[t]he purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments." *Id.* at 254, 401 S.E.2d at 666. "Procedural actions that prevent litigants from having the opportunity to dispose of their case on the merits are not favored." *Id.*

Here, defendant specifically requested the trial court to set aside his voluntary dismissal pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure on the basis of misrepresentation and misconduct by plaintiffs. The trial court granted sanctions and erroneously ordered the terms of the settlement agreement to be specifi-

cally performed by plaintiffs. The court did not rule on defendant's motion to set aside.

A voluntary dismissal with prejudice is a "proceeding" under Rule 60(b). *Id.* at 252, 401 S.E.2d at 665. The trial court should have ruled on defendant's motion. We remand this portion of the court's order for a ruling on defendant's motion to set aside his dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b). In the event the trial court sets aside defendant's dismissal, defendant may assert a claim for breach of the settlement agreement in addition to his original claims and may seek specific performance and damages as remedies. *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E.2d 44, 53 (1952). If the trial court does not set aside defendant's dismissal, defendant is free to bring a new action for breach of the settlement agreement and seek specific performance and damages as remedies. *State ex rel. Howes*, 128 N.C. App. at 136, 493 S.E.2d at 796-97.

### V. Prior Restraint on Speech

**[3]** Plaintiffs contend that the settlement agreement is unenforceable because it violates their freedom of speech by placing a prior restraint on their speech. We disagree.

The general rule is that prior restraints on speech are not *per se* unconstitutional, but there is a heavy presumption against its constitutional validity. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558, 43 L. Ed. 2d 448, 459 (1975). However, the law permits parties to knowingly and intelligently waive their constitutional rights. "The Supreme Court has held that First Amendment rights may be waived upon clear and convincing evidence that the waiver is knowing, voluntary and intelligent." *Leonard v. Clark*, 12 F.3d 885, 889 (9th Cir. 1993) (citing *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185, 31 L. Ed. 2d 124, 134 (1972)). The United States Court of Appeals for the Fourth Circuit has stated that "[t]he contractual waiver of a constitutional right must be a knowing waiver, must be voluntarily given, and must not undermine the relevant public interest in order to be enforceable." *Lake James Fire Dep't, Inc. v. Burke County, N.C.*, 149 F.3d 277, 280 (4th Cir. 1998).

Here, plaintiffs offered no evidence to show that their First Amendment right to freedom of speech was not knowingly, voluntarily, and intelligently waived. Plaintiffs and their attorney agreed to and executed the mediated settlement agreement. Plaintiffs agreed to paragraph two and insisted on the inclusion of paragraph three,

which specifically limited their speech regarding defendant. At the hearing on defendant's motion for sanctions, plaintiffs' attorney stated, "I'm not contesting the agreement or the validity of it or that it was voluntary." Plaintiffs offered no evidence that their First Amendment rights were not voluntarily, knowingly, or intelligently waived. This assignment of error is overruled.

## VI. Sanctions

**[4]** Plaintiffs contend that the trial court erred by exceeding its authority in imposing sanctions on plaintiffs for bad faith actions at the mediated settlement agreement. We agree.

Trial courts have authority, pursuant to N.C. Gen. Stat. § 7A-38.1(g) (Mediation Rule 5), to impose "any appropriate monetary sanction" on a person required to attend a mediated settlement conference who fails to attend without good cause. N.C. Gen. Stat. § 7A-38.1(g) (2001). N.C. Gen. Stat. § 7A-38.1(g) does not expressly provide for sanctions under any other circumstances. In *Few v. Hammack Enterprises, Inc.*, however, this Court held that "[e]ven absent an express grant of authority, however, trial courts have inherent authority to impose sanctions for wilful failure to comply with the rules of court." 132 N.C. App. 291, 298, 511 S.E.2d 665, 670 (1999) (citing *Lee v. Rhodes*, 227 N.C. 240, 242, 41 S.E.2d 747, 749 (1947)). "Accordingly, the trial court has inherent authority to sanction a party for wilful failure to comply with the Mediation Rules." *Id.*

Here, plaintiffs complied with the Mediation Rules and attended the mediated settlement conference. Plaintiffs participated in the mediated settlement conference and ultimately reached an agreement with defendant. This agreement was reduced to writing and signed by the parties and their attorneys. Plaintiffs subsequently decided not to abide by the terms of the settlement agreement and violated it. The Mediation Rules do not require a party to abide by the terms of a settlement agreement entered into at a mediated settlement conference that is not entered as a consent judgment of the court. Further, nothing in N.C. Gen. Stat. § 7A-38.1(g) grants the trial court the authority to sanction a party who subsequently violates a settlement agreement that has not been incorporated into a consent judgment. *Id.* The trial court was without authority under N.C. Gen. Stat. § 7A-38.1(g) or its inherent authority to sanction plaintiffs for violating the terms of the settlement agreement. Defendant's remedy is to bring a new action on the settlement agreement or to seek relief

in the present action if the trial court grants defendant's motion to set aside the dismissal. *State ex rel. Howes*, 128 N.C. App. at 136, 493 S.E.2d at 796-97. We reverse that part of the trial court's order imposing sanctions on plaintiffs.

## VII.  Conclusion

We affirm that portion of the trial court's order which holds that plaintiffs' waiver of their First Amendment rights was voluntarily, knowingly, and intelligently given. The trial court was without authority to impose sanctions on plaintiffs and to order plaintiffs to specifically perform the terms of the settlement agreement. We vacate those portions of the trial court's order. This action is remanded for a ruling on defendant's motion to set aside his dismissal with prejudice of his counterclaims pursuant to North Carolina Rules of Civil Procedure, Rule 60(b). *Carter*, 102 N.C. App. at 252, 401 S.E.2d at 665.

Affirmed in part, Vacated in part, and Remanded.

Judges McCULLOUGH and BRYANT concur.