STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-206

TOWN OF OLD ORCHARD BEACH,

Plaintiff

v.

PETER H. COOK,

Defendant

**ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

AUG 27 2004

Before this court is Plaintiff, Town of Old Orchard Beach's ("Town") Motion for a Temporary Restraining Order, as well as Defendant, Peter H. Cook's ("Cook") Counterclaim for a Temporary Restraining Order, pursuant to M.R. Civ. P. 65. For reasons stated below, both motions are Denied.

## FACTS

On February 17, 2004, Plaintiff Town and Defendant Cook entered into a Settlement Agreement and Release to resolve an employment dispute between the parties. The Settlement Agreement and Release contains a non-disparagement clause, which requires that Defendant "Cook agrees not to disparage the [Plaintiff] Town Officials, and the [Plaintiff] Town Officials agree not to disparage Cook. Any party found to have violated the non-disparagement provision set forth herein will be liable for liquidated damages in the amount of $2,000." (Settlement Agreement and Release at 4.) Subsequently, Plaintiff Town alleges that Defendant Cook made disparaging comments regarding several Town Officials.

Accordingly, Plaintiff Town filed a Complaint in York County Superior Court citing a breach of contract, as well as requesting injunctive relief. In response,

Defendant Cook filed a Counterclaim against Plaintiff Town seeking a temporary restraining order enjoining its use of the non-disparagement clause of the Settlement Agreement and Release to chill his First Amendment right to free speech.

## DISCUSSION

### A. Motion to Strike

Plaintiff Town requests that this court strike and disregard Defendant Cook's Reply Memorandum dated July 13, 2004. Specifically, Plaintiff Town asserts that Defendant Cook's Memorandum fails to properly respond to this court's request for authority regarding the issue of a limited waiver of an individual's First Amendment rights. On the other hand, Defendant Cook argues that the Memorandum in question was submitted at this court's request, and accordingly it should not be stricken from the record.

Defendant Cook's Reply Memorandum is within the confines of the Rules, because it requested that Defendant Cook submit an additional memorandum. Accordingly, this court concludes that Defendant Cook's Memorandum will not be stricken from the record.

### B. Temporary Restraining Order Requests

Plaintiff Town requests that this court enjoin Defendant Cook from making disparaging remarks regarding its Officials. Conversely, however, Defendant Cook asserts that this court should enjoin Plaintiff Town from using the non-disparagement clause of the Settlement Agreement and Release to chill his First Amendment right to free speech.

"Before granting a preliminary or permanent injunction, the Court must find that four criteria are met: (1) that plaintiff will suffer irreparable injury if the injunction is not granted, (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant, (3) that plaintiff has exhibited a likelihood of success on

2

the merits (at most, a probability; at least, a substantial possibility), (4) that the public interest will not be adversely affected by granting the injunction." Ingraham v. University of Maine at Orono, 441 A.2d 691, 693 (Me. 1982) (citations omitted).

Defendant Cook argues that Plaintiff Town will not be successful on the merits, and so its request should be denied. More specifically, Defendant Cook asserts that Plaintiff Town has failed to meet its burden of establishing by clear and convincing evidence that he relinquished his free speech rights, pursuant to the Settlement Agreement and Release.

"The general rule is that prior restraints on speech are not *per se* unconstitutional, but there is a heavy presumption against its constitutional validity. However, the law permits parties to knowingly and intelligently waive their constitutional rights. The Supreme Court has held that *First Amendment* rights may be waived upon clear and convincing evidence that the waiver is knowing, voluntary and intelligent." The Estate of Gilbert Barber v. Guilford County Sheriff's Department, 161 N.C. App. 658, 662, 589 S.E.2d 433, 437 (2003) (citations quotations omitted).

In the instant case, Defendant Cook, who was represented by an attorney, signed the Settlement Agreement and Release, and thereby accepted the terms of the agreement. Specifically, Defendant Cook accepted the non-disparagement clause contained therein, in which he "agree[d] not to disparage the Town Officials, and the Town Officials agree not to disparage Cook. Any party found to have violated the non-disparagement provision set forth herein will be liable for liquidated damages in the amount of $2,000." (Settlement Agreement and Release at ¶ 7.)

The meaning of the non-disparagement clause, however, is arguably ambiguous. This is because the language can be interpreted to prohibit all speech about Plaintiff Town's Officials by Defendant Cook or to just prohibit his speech in regard to his separation from employment. See id. Consequently, it may not constitute clear and

3

convincing evidence that Defendant Cook knowingly waived his First Amendment rights with respect to all municipal issues. See The Estate of Gilbert Barber, 589 S.E.2d at 437. Therefore, this court concludes that it is necessary to determine what the parties intended the clause to mean. See Spottiswoode v. Levine, 1999 ME 79, ¶ 16, 730 A.2d 166, 172 (holding that "[w]hether the language of a contract is ambiguous is a question of law that we review *de novo*. If the contract language is ambiguous or uncertain its interpretation is a question of fact to be determined by a factfinder. Contract language is ambiguous when it is reasonable susceptible to different interpretations.") (citations and quotations omitted).

Defendant Cook contends that "[i]n agreeing to the Non-disparagement provision, all parties understood that the clause related solely to my employment dispute with the Town. We never intended that the clause could be used to chill my First Amendment free speech rights forever." (Cook Aff. at ¶ 6.) On the other hand, Plaintiff Town argues that based on the plain meaning of the clause Defendant Cook could not say any disparaging remarks regarding any Town Official. Thus, a genuine issue remains as to the exact meaning of the non-disparagement clause, as well as who will prevail on the merits of the case. Hence, this court finds that it is necessary to deny both Plaintiff Town and Defendant Cook's requests for preliminary injunction.

WHEREFORE, this court **DENIES** Plaintiff Town's, as well as Defendant Cook's requests for preliminary injunctive relief, pursuant to M.R. Civ. P. 65. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a)

Dated: August ___, 2004

8/20/04

G. Arthur Brennan
Justice, Superior Court

4

convincing evidence that Defendant Cook knowingly waived his First Amendment rights with respect to all municipal issues. See The Estate of Gilbert Barber, 589 S.E.2d at 437. Therefore, this court concludes that it is necessary to determine what the parties intended the clause to mean. See Spottiswoode v. Levine, 1999 ME 79, ¶ 16, 730 A.2d 166, 172 (holding that "[w]hether the language of a contract is ambiguous is a question of law that we review *de novo*. If the contract language is ambiguous or uncertain its interpretation is a question of fact to be determined by a factfinder. Contract language is ambiguous when it is reasonable susceptible to different interpretations.") (citations and quotations omitted).

Defendant Cook contends that "[i]n agreeing to the Non-disparagement provision, all parties understood that the clause related solely to my employment dispute with the Town. We never intended that the clause could be used to chill my First Amendment free speech rights forever." (Cook Aff. at ¶ 6.) On the other hand, Plaintiff Town argues that based on the plain meaning of the clause Defendant Cook could not say any disparaging remarks regarding any Town Official. Thus, a genuine issue remains as to the exact meaning of the non-disparagement clause, as well as who will prevail on the merits of the case. Hence, this court finds that it is necessary to deny both Plaintiff Town and Defendant Cook's requests for preliminary injunction.

WHEREFORE, this court **DENIES** Plaintiff Town's, as well as Defendant Cook's requests for preliminary injunctive relief, pursuant to M.R. Civ. P. 65. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a)

Dated: August ___, 2004

8/20/04

G. Arthur Brennan
Justice, Superior Court

Kate S. Debevoise, Esq. – PL
Howard T. Reben, Esq. & Adrienne S. Hansen, Esq. – DEF

4