MARY SUZANNE ETTER, Petitioner,
v.
LARRY W. PIGG and wife, GLORIA VANDIVER, Respondents.
No. COA05-626
North Carolina Court of Appeals
Filed January 3, 2006
This case not for publication
Henderson County No. 01-SP-287.
Walter C. Carpenter for petitioner-appellee.
Larry W. Pigg and Gloria A. Vandiver, pro se, respondent-appellants.
BRYANT, Judge.
Larry W. Pigg and Gloria A. Vandiver (respondents) appeal a judgment entered 28 December 2004 enforcing a mediated settlement agreement they entered into with Mary Suzanne Etter (petitioner) and establishing a boundary line between the parties' property. For the reasons below we reverse and remand this case for further proceedings.

Facts and Procedural History
Petitioner is the owner of real property located in Henderson County, North Carolina and adjacent to property owned by respondents. Both petitioner's and respondents' deeds call for the center line of a creek as the dividing line between their properties. On 1 November 2001, petitioner commenced this action to establish the boundary line between the parties' property. Pursuant to Superior Court rules, a mediated settlement conference was held on 18 June 2003, and a full and final agreement of all issues was reached. The terms of the settlement agreement were set down in a Memorandum of Mediated Settlement which was signed by all parties. Although the Memorandum of Mediated Settlement stated a consent order was to be entered based upon the terms of the agreement, no consent order appears in the record before this Court. In accordance with the settlement agreement and to determine the boundary between the parties' property, William Patterson, a Registered Land Surveyor, determined the center line of the creek, disregarding any changes caused by man, and prepared a survey.
On 28 January 2004, respondents filed a Motion for Relief from Judgment or Order pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure. Respondents requested the court to set aside and relieve respondents from the terms of the Memorandum of Mediated Settlement and to join the owners of a neighboring tract of land as necessary parties to their action. Respondents alleged the failure of their counsel to provide Patterson with plats, maps, drawings, deeds or respondents' contentions, constituted mistake, inadvertence, or excusable neglect under Rule 60(b)(1); and that it was no longer equitable that the "judgment" should have prospective application pursuant to Rule 60(b)(5) due to the failure to join the alleged necessary parties. Respondents' motion was heard on 28 January 2004, by the Honorable C. Phillip Ginn, and by order entered 18 February 2004, Judge Ginn denied respondents' Motion for Relief.
Petitioner subsequently filed a Motion for Judgment on 16 June 2004, asking the court to enforce the mediated settlement agreement and enter a judgment establishing the boundary line in question pursuant to Patterson's survey. On 28 December 2004, the Honorable Robert D. Lewis entered a judgment enforcing the mediated settlement agreement and establishing the property line as set forth in Patterson's survey. Respondents appeal.
The dispositive issue on appeal is whether the trial court erred in relying on Judge Ginn's order of 18 February 2004 relating to respondents' Rule 60(b) motion. Rule 60(b) of the North Carolina Rules of Civil Procedure states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons . . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2003). "Rule 60(b) has no application to interlocutory judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to final judgments." Sink v. Easter, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975).
In the instant case, respondents' Rule 60(b) motion was an attempt to set aside and relieve respondents from the terms of the Memorandum of Mediated Settlement and to join the owners of a neighboring tract of land as necessary parties to their action. "It is well-settled in North Carolina that compromises and settlements of controversies between parties are favored by our courts." State ex rel. Howes v. Ormond Oil & Gas Co., 128 N.C. App. 130, 136, 493 S.E.2d 793, 796 (1997) (citing PCI Energy Servs., Inc. v. Wachs Technical Servs., Inc., 122 N.C. App. 436, 440, 470 S.E.2d 565, 567 (1996)). However, "[t]he Mediation Rules do not require a party to abide by the terms of a settlement agreement entered into at a mediated settlement conference that is not entered as a consent judgment of the court." Estate of Barber v. Guilford County Sheriff's Dep't, 161 N.C. App. 658, 665, 589 S.E.2d 433, 438 (2003).
Instead, mediated settlement agreements are governed by general principles of contract law. Chappell v. Roth, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001) (citing McNair v. Goodwin, 262 N.C. 1, 7, 136 S.E.2d 218, 223 (1964)). A party to a settlement agreement has "two options in deciding how to specifically enforce the terms of the settlement agreement. . . . (1) take a voluntary dismissal of his original action and then institute a new action on the contract, or (2) seek to enforce the settlement agreement by petition or motion in the original action." Estate of Barber, 161 N.C. App. at 662, 589 S.E.2d at 436 (citing Ormond Oil & Gas 128 N.C. App. at 136, 493 S.E.2d at 796-97)). Here, the settlement agreement was never reduced to a consent order and petitioner did not attempt to enforce the terms of the settlement agreement until she filed her Motion for Judgment on 16 June 2004, five months after Judge Ginn's order denying respondents' Rule 60(b) motion.
Respondents did not file their Rule 60(b) motion in response to a final judgment or order, but rather in response to Patterson's survey establishing the center line of the creek, and thereby the boundary between the parties' property. As there was no final judgment or order, respondents' Motion for Relief from Judgment or Order could not, as a matter of law, have been proper under Rule 60(b), and the trial court should not have considered the motion. See Hooper v. Pizzagalli Constr. Co., 112 N.C. App. 400, 408, 436 S.E.2d 145, 150-51 (1993) (Rule 60 motion was appropriately denied where it sought relief from an order dismissing less than all of the claims in an action). Therefore, Judge Ginn's order of 18 February 2004 relating to respondents' Rule 60(b) motion is void. See Pratt v. Staton, 147 N.C. App. 771, 775, 556 S.E.2d 621, 624 (2001) (vacating trial court's order pursuant to Rule 60(b) when original order was not a final judgment).
In the judgment from which respondents appeal, the trial court relied entirely upon Judge Ginn's order denying respondents' Motion for Relief. At the hearing on petitioner's Motion for Judgment, the trial court stated:
We have a bright line rule in North Carolina required because one superior court judge doesn't have the authority to overrule another superior court judge. So I'm without authority to undo anything that Judge Ginn did.
. . .
[Judge Ginn's order] determined the issue before me, so . . . you'll just have to prepare your order, your judgment affirming what Judge Ginn should have done when he decided that there was no way to set it aside.That doesn't leave me any room to do anything, but enter a judgment.
. . .
I'm not going to sign any order. Judge Ginn is the one that found that there was no basis for him to set aside the mediated settlement conference agreement. And so Judge Ginn is the one to determine whether or not the case shall be  by judgment, consent judgment, voluntary dismissal, or whatever, I'm not going to sign that because I didn't hear that.
. . .
The order from yesterday was that somebody else had already decided that the mediated settlement conference, memorandum of settlement disposed of the case, and that there's no viable way to challenge or set aside that order. And I am therefore confirming, or affirming that as the judgment, as the memorandum of settlement.
In the judgment entered 28 December 2004, the trial court concluded: "Relief from the mediated settlement agreement having been denied by Judge Ginn at an earlier term of [c]ourt, that agreement should now be enforced and a Judgment entered in accordance with its terms." As Judge Ginn should not have considered the respondents' motion under Rule 60(b), the trial court erred in relying upon Judge Ginn's order denying respondents' Motion for Relief when he held the mediated settlement agreement should be enforced. Accordingly, we reverse the Judgment of 28 December 2004 and remand for further proceedings.
Reversed and remanded.
Judges CALABRIA and JACKSON concur.
Report per Rule 30(e).