MARY SUZANNE ETTER, and DONALD J. VOGEL and wife, PATRICE L. VOGEL, Plaintiffs,
v.
LARRY W. PIGG and GLORIA VANDIVER, Defendants.
No. COA07-92
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Walter C. Carpenter for petitioner-plaintiff-appellees.
Larry W. Pigg and Gloria A. Vandiver, pro se, for respondent-defendant-appellants.
BRYANT, Judge.
Larry W. Pigg and Gloria A. Vandiver (respondents-defendants) separately appeal from judgment and orders entered 5 June, 10 June and 26 June 2006 denying their motions: (1) to join necessary parties (the Fosters); (2) to change the action to a deed reformation action; (3) for a directed verdict and a judgment notwithstanding the verdict; and (4) for a new trial. For the reasons stated herein, we affirm the trial court.
In Etter I, this Court held the respondents' Rule 60(b) motion to set aside the Mediated Settlement Agreement was improperly granted and remanded the case to the trial court. See Etter v. Pigg, 175 N.C. App. 419, 623 S.E.2d 368 (2006) (unpublished)(Etter I). Subsequently, Mary Suzanne Etter conveyed her property (adjacent to defendants) to Donald J. Vogel and his wife, Patrice L. Vogel (petitioners-plaintiffs). The respective deeds call for the center line of a creek as the dividing line between their properties. Defendants contest the boundary as it appears in the deeds.
On 25 March 2006, Judge Phillip Ginn denied defendants' 12(b)(6) and 12(b)(7) motions; motion to re-open discovery; and their motion for Rule 11 sanctions against petitioner's attorney, and made the following findings:
1. This action was initially instituted on November 1, 2001, as a petition to establish a boundary line.
2. Respondents [] filed a response and counterclaim on or about the 12th day of January 2002 [which] did not contain a Rule 12(b)6 motion nor did it contain a Rule 12(b) 7 motion.
3. The 12(b)6 and 12(b)7 motions of Respondents were not filed until January and February 2006.
4. As regards the Rule 12(b)7 motion, the Court finds as a fact that the adjoining property of the Fosters intersects the disputed line but is not part of the disputed boundary between Petitioner and Respondents.
5. Respondents admitted that since they did not prevail on their 12(b)6 and 12(b)7 motions that there was no basis for the Rule 11 motions.
6. The Court finds that there has been no showing by Respondents of a legal insufficiency, a factual insufficiency, or an improper purpose in the filing of any pleadings by Petitioner or her counsel and the Court finds that the pleadings and each of them filed by Petitioner and her counsel are legally sufficient, factually sufficient, and interposed for a proper purpose.
The case proceeded to a trial on the merits. On 24 May 2006, a jury returned a verdict in favor of plaintiffs declaring the "boundary is the middle of the branch" according to the "Patterson Survey." On 5 June 2006, Judge James U. Downs entered two subsequent orders, nunc pro tunc, denying respondents' motions to (1) join necessary parties (the Fosters) and (2) change the action from a special processioning proceeding to a deed reformation action. On 10 June 2006, the trial court denied respondents' motion for judgment notwithstanding the verdict and directed verdict. On 26 June 2006, the trial court denied respondents' motion for a new trial. Respondents appeal.
On appeal, respondents argue the trial court erred by: (I) failing to join the Fosters as necessary parties; (II) denying defendants' 12(b)(6) motion to dismiss; (III) denying their motion for a new trial; (IV) denying their motion to change the action from a special processioning proceeding to a deed reformation action; (V) denying their motion for directed verdict and judgment notwithstanding the verdict; and (VI) denying their motion for a new trial because the jury was not properly instructed.

I
Respondents argue the trial court erred by failing to join the Fosters as necessary parties because the Fosters' adjoining property intersects with the disputed property line and therefore the Fosters are essential to the resolution of this matter. We disagree.
A party is a necessary party to an action when he is "so vitally interested in the controversy involved in [the] action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without [his] presence as [a party]." Garrett v. Rose, 236 N.C. 299, 72 S.E.2d 843 (1952); Strickland v. Hughes, 273 N.C. 481, 160 S.E.2d 313 (1968).
The trial court's 25 March 2006 order indicated respondents' motion to join a necessary party (the Fosters) was denied as untimely (action began in 2001). The trial court also found that on 12 January 2002, when respondents filed their response and counterclaim, respondents did not file a 12(b)(7) motion to dismiss. Notwithstanding, the record indicates the Fosters' property is located to the north of the Etter-Vogel property as shown on the Patterson plat and is not affected by the outcome in this case. Furthermore, the trial court concluded the Fosters' adjoining property "intersects the disputed line but is not a part of the disputed property line." Cf. Garrett, 236 N.C. 299, 72 S.E.2d 843 (holding personal representatives to decedents' estates were necessary parties in determining the ownership interests of the decedents). The Fosters are not necessary parties and the trial court properly denied respondents' untimely motion. This assignment of error is overruled.

II & IV
Respondents argue the trial court erred by denying their 12(b)(6) motion to dismiss. "When a party files a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), the question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." Grant Constr. Co. v. McRae, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001) (quoting Harris v. NCNB Nat'l Bank, 85 N.C. App. 669, 670-71, 355 S.E.2d 838, 840 (1987)). The court must construe the complaint liberally and "should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." Block v. Cty. of Person, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000). The appellate court conducts a de novo review of the pleadings to determine their legal sufficiency and decides whether the trial court's ruling on the motion to dismiss was erroneous.
§ 38-1. Special proceeding to establish. The owner of land, any of whose boundary lines are in dispute, may establish any of such lines by special proceedings in the superior court of the county in which the land or any part thereof is situated.
N.C. Gen. Stat. § 38-1 (2005). A special proceeding under N.C. Gen. Stat. § 38-1, et seq. may be instituted by an owner of land whose boundary lines are in dispute. Such a proceeding is known as a processioning proceeding whose sole purpose is to establish the true location of disputed property lines. Pruden v. Keemer, 262 N.C. 212, 136 S.E.2d 604 (1964).
This case was initiated on 1 November 2001 as an action to establish a boundary line. On 12 January 2002, when respondents filed their response and counterclaim, they did not file a 12(b)(6) motion to dismiss. Instead, respondents filed their 12(b)(6) and 12(b)(7) motions to dismiss this action on 27 February 2006, to test the legal sufficiency of the petition under the processioning statute. N.C.G.S. § 38-1 (2005). Paragraphs three and four of the petition state:
3. Petitioner is the owner of that property described in deed from [Livingston] to Mary Suzanne Etter, dated June 8, 2000, and recorded in Deed Book 1026 at page 641 of the Henderson County Registry (hereinafter referred to as "Etter property"), a copy of which is attached hereto and incorporated by reference.
4. Petitioner's property is shown on that map of survey made for Sue Etter by Laughter, Austin & Associates, P.A., dated May 1, 2000 and being Job No. 00-136, a reduced copy of which is attached hereto as Exhibit B and incorporated herein by reference.
The petition further alleges land owned by respondents "share a common boundary line" with petitioners' property on the northeastern boundary "which call is `up and with the center line of said branch North 37 [degrees] 04' 05" West 54.11 feet'" and that such boundary "is the true dividing line between the parties' tracts of real property." Based on N.C. Gen. Stat. § 38-1 et seq.,we find the petition to be legally sufficient to survive a motion to dismiss.
Respondents also assert that the trial court improperly denied their motion to change the action from a special processioning proceeding to a deed reformation action. However, as indicated in the plain language of N.C. Gen. Stat. § 38-1, petitioners have made a legally sufficient claim under the special processioning statutes. Accordingly, the trial court properly denied respondents' motion to change the action from a processioning to a deed reformation action. See Green v. Williams, 144 N.C. 60, 63-64, 56 S.E. 549, 550-51 (1907) (either of the adjoining proprietors as a matter of right is entitled to have the land processioned, without the other's consent and, where there has been an appeal, to have all the controverted matters settled by the jury under the guidance of the court). These assignments of error are overruled.

III & VI
Respondents contend the trial court erred by denying their motion for a new trial and argue the trial court did not make findings of fact. In addition, they argue they did not receive a fair trial as the jury was not properly instructed. We disagree.
"The decision [whether to grant a new trial] rests in the sound discretion of the trial judge. Absent record disclosure of abuse of discretion, the order is not subject to review on appeal." Sizemore v. Raxter, 58 N.C. App. 236, 237, 293 S.E.2d 294, 294 (1982) (citations and quotations omitted). The trial court, in its 26 June 2006 order, denied respondents' motion for a new trial and specifically found that "grounds for a new trial have not been shown." On appeal, respondents do not produce facts in support of their motion as to why a new trial is warranted. The trial court, in its discretion, made the required finding on the record and properly denied respondents' motion for a new trial. See Hanna v. Brady, 73 N.C. App. 521, 327 S.E.2d 22, cert. denied, 313 N.C. 600, 332 S.E.2d 179 (1985) (holding order made under the discretionary power of N.C. Gen. Stat. § 1A-1, Rule 59(a) shall stand unless the reviewing court is reasonably convinced by the cold record that the trial judge's ruling probably amounted to a substantial miscarriage of justice). With respect to the allegation that respondents did not receive a fair trial, they also argue in their brief that the trial court did not properly instruct the jury. However, at trial, respondents failed to request specific jury instructions and failed to object to the instructions delivered at trial. Accordingly, respondents have failed to properly preserve this issue for review on appeal. N.C. R. App. P. 10(c)(4). These assignments of error are overruled.

V
Respondents argue the trial court erred by denying their motion for directed verdict and judgment notwithstanding the verdict. We disagree.
"When determining the correctness of the denial for directed verdict or judgment notwithstanding the verdict, the question is whether there is sufficient evidence to sustain a jury verdict in the non-moving party's favor[] or to present a question for the jury." Davis v. Dennis Lilly Co., 330 N.C. 314, 323, 411 S.E.2d 133, 138 (1991) (citations omitted).
Petitioners introduced a chain of title going back more than thirty years. Prior to petitioners' current deed, all of the deed descriptions referenced the property as "Lot 13, George Hardin Subdivision, Addition #2." The surveyor, Donald Austin, testified his survey fairly and accurately depicted the location on the ground of Lot 13 of the Hardin Subdivision. In addition, in response to respondent's question, Mr. Austin testified as follows:
Austin: It is my professional opinion that the survey we performed in the year 2000 is a complete survey of the area of the land that is contained in Lot 13, as is described in these deeds and is platted in this 1955 plat.
[Respondent]: And that is the boundary of her lot?
Austin: As far as I'm concerned, yes. I mean that's what she purchased, she purchased Lot 13.
There is substantial record evidence, some of which was elicited by respondent, that the property shown on the plat was, in fact, "Lot 13 of the George Hardin Subdivision, Addition #2."
Respondents argue petitioners do not fit the description to the land. Both parties' deeds and the recorded plat refer to the same monument (the branch). Petitioner Etter's deed is dated 8 June 2000, and was recorded 12 June 2000. Petitioner's deed runs to the branch and "thence down and with the meanders of said branch South 38 degrees East 56 feet." Respondents obtained title by deed dated 15 December 1999, which was recorded 15 December 1999. Respondents' deed also runs to the same branch. The 26th call of the description of tract 1 in respondents' deed runs "with the center line of said branch North 37 [degrees] 04' 05" West 54.11 feet." Since the branch is a monument called for in both deeds, the location of the branch at the time of the deeds establishes the monument and establishes petitioners' eastern boundary and respondents' western boundary unless the branch had been moved. Respondent, in her brief, indicates "shortly after occupying the property in June 2000, Etter and her agents dug up, with a backhoe, bulldozed and otherwise altered the creek that is located between the two parcels of land." There are no allegations that the branch moved prior to June 2000. It is undisputed that the survey by Donald Austin began 27 April 2000 and was completed by 8 May 2000, prior to June 2000, when the creek was altered. The location of the branch at the time both petitioners' and respondents' deeds were signed and recorded is properly based on the Austin survey done prior to the digging in the branch. On his plat, Mr. Patterson found the line to be the same as on the Austin survey and the jury found the true boundary line to be the same. The evidence was sufficient to support the jury verdict. Therefore, the motions for directed verdict and judgment notwithstanding the verdict were properly denied. This assignment of error is overruled.

Referred Motion
Petitioners have filed a separate motion in this Court, pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure, seeking dismissal of this appeal and monetary damages alleging respondents filed this appeal frivolously in that it is not well grounded in fact or warranted by existing law. N.C. R. App. P. 34. While we have reviewed and overruled all defendants' assignments of error, we do not conclude this appeal is frivolous. Therefore, we deny petitioners' motion. See Tomlinson v. Camel City Motors, Inc., 101 N.C. App. 419, 422, 399 S.E.2d 147, 149 (denying Rule 34 motion for sanctions "[w]hile we have determined [the] appeal lacks substantial merit, we cannot say that it was frivolous"), aff'd in part and reversed in part, 330 N.C. 76, 408 S.E.2d 853 (1991).
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).