LARRY W. PIGG, AND WIFE, GLORIA VANDIVER, PLAINTIFFS v. BOYD B. MASSAGEE, JR. AND PRINCE, YOUNGBLOOD AND MASSAGEE, PARTNERSHIP, DEFENDANTS

No. COA08-1270

(Filed 7 April 2009)

**1. Appeal and Error— appealability—denial of Rule 60 motion**

An appeal was dismissed as interlocutory where the order appealed from was a denial of a Rule 60(b) motion, did not contain a certification, and the brief did not address why there was no just reason for delay or the substantial right that would be lost without immediate appeal.

**2. Appeal and Error— sanctions—attempt to re-litigate**

A motion for sanctions against plaintiff was granted on appeal where the appeal was a transparent attempt to re-litigate prior orders from several trial courts, prior appellate opinions, and an order denying plaintiffs' previous petition for discretionary review by the Supreme Court.

Appeal by plaintiffs from order entered 24 June 2008 by Judge John W. Smith in Henderson County Superior Court. Heard in the Court of Appeals 12 March 2009.

*Gloria A. Vandiver and Larry W. Pigg, Pro se, for plaintiffs-appellants.*

*No brief, for defendants-appellees.*

PER CURIAM.

Larry W. Pigg and his wife, Gloria Vandiver, (together, "plaintiffs") appeal from an order denying plaintiffs' motion pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure for relief from judgment in a collateral matter. Boyd B. Massagee, Jr. ("defendant") and the partnership, Prince, Youngblood & Massagee, (collectively, "defendants") have moved this Court to dismiss plaintiffs' appeal and to enter sanctions against plaintiffs. Plaintiffs also have moved this Court to grant sanctions against defendants. For the reasons set forth below, we deny plaintiffs' motion, grant defendants' motion to dismiss plaintiffs' appeal, and remand the matter to the trial court for a hearing on sanctions to be entered against plaintiffs.

**PIGG v. MASSAGEE**

[196 N.C. App. 348 (2009)]

In addition to the relevant procedural facts set forth below, we note that in *Etter v. Pigg*, 175 N.C. App. 419, 623 S.E.2d 368, 2006 WL 10918 (2006) (unpublished) (*"Etter I"*) and *Etter v. Pigg*, 186 N.C. App. 679, 652 S.E.2d 71, 2007 WL 3256828 (2007) (unpublished) (*"Etter II"*), *disc. rev. denied*, 362 N.C. 176, 658 S.E.2d 483 (2008), plaintiffs previously were the respondents in a collateral matter relating to a property line dispute. Although plaintiffs proceeded *pro se* throughout most of the *Etter* litigation at both the trial and appellate levels, defendants represented plaintiffs by filing a response and counterclaim at the beginning of the *Etter v. Pigg* property line dispute.

On 23 October 2006, plaintiffs filed a complaint against defendants seeking relief for defendants' alleged (1) professional negligence, (2) breach of implied contract, and (3) partnership liability for the individual defendant's actions. On 16 June 2008, plaintiffs filed a motion pursuant to North Carolina Rules of Civil Procedure, Rule 60 for relief from a final judgment entered on 5 June 2006.[1] On 24 June 2008, the trial court entered an order denying plaintiffs' motion. On 22 July 2008, plaintiffs appealed from an order denying their motion. On 20 November 2008, defendants moved this Court to dismiss plaintiffs' frivolous appeal and to enter sanctions against plaintiffs. On 25 November 2008, plaintiffs in turn moved this Court to grant sanctions against defendants.

**[1]** Initially, we hold that the trial court's order entered on 24 July 2008 is interlocutory in that it does not dispose of the entire case. *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.") (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)). Such orders ordinarily are not immediately appealable. *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, when "(1) the order represents a final judgment as to one or more claims in a multiple claim lawsuit or one or more parties in a multi-party lawsuit," and (2) the trial court certifies that "there is no just reason to delay the appeal," Rule 54 of the North Carolina Rules of Civil Procedure permits an immediate appeal.

---

1. The final judgment entered 5 June 2006 was entered with respect to the prior *Etter v. Pigg* proceedings rather than the current *Pigg v. Massagee* lawsuit. *See Etter II*, 186 N.C. App. 679, 652 S.E.2d 71, 2007 WL 3256828 at *1.

*Harris v. Matthews*, 361 N.C. 265, 269 n.1, 643 S.E.2d 566, 569 (2007) (citing N.C. Gen. Stat. § 1A-1, Rule 54(b)).

Appellants have the burden of showing that an appeal is proper. *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd*, 360 N.C. 53, 619 S.E.2d 502 (per curiam) (2005). When an appeal is from an interlocutory order, "the appellant[s] must include in [their] statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Id.* (quoting N.C. R. App. P. 28(b)(4)). However, the appellants must do more than merely assert that the order affects a substantial right; they must show why the order affects a substantial right. *Id.* "Where the appellant fails to carry the burden of making such a showing to the [C]ourt, the appeal will be dismissed." *Id.* (citing *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)).

In the case *sub judice*, plaintiffs assert that their appeal follows from a final judgment of the superior court pursuant to North Carolina General Statutes, section 7A-27(b). Notwithstanding plaintiff's bald assertion, the trial court's order denying plaintiffs' Rule 60(b) motion does not contain a certification pursuant to North Carolina Rules of Civil Procedure, Rule 54, and plaintiffs' brief does not address (1) why there is no just reason to delay the appeal, or (2) what substantial right will be lost absent immediate appeal. "It is not the duty of this Court to construct arguments for or find support for appellant[s'] right to appeal from an interlocutory order[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). Because plaintiffs have failed to carry their burden of showing this Court that this appeal is properly before us, we grant defendants' motion to dismiss this appeal as interlocutory.

[2] With regard to defendants' motion for sanctions, we note that plaintiffs' motion was made pursuant to North Carolina Rules of Civil Procedure, Rule 60(b)(4) to set aside a purportedly void judgment in a collateral matter. Plaintiffs argue that the underlying judgment was void for failure to join necessary parties in the previously litigated property dispute resolved in *Etter I* and *Etter II*. However, in *Etter II* we squarely addressed this issue and held that the purportedly necessary parties, the Fosters, other neighbors whose land also adjoined the Etters' property, were not necessary parties. *See Etter II*, 186 N.C. App. 679, 652 S.E.2d 71, 2007 WL 3256828 at *2. Our Supreme Court subsequently denied plaintiffs' petition for discretionary review. *See Etter v. Pigg*, 362 N.C. 176, 658 S.E.2d 483.

CONNETTE v. JONES

[196 N.C. App. 351 (2009)]

We view this appeal as a transparent attempt to re-litigate prior orders from several trial courts, prior opinions of this Court, and an order denying plaintiffs' previous petition for discretionary review by the Supreme Court. Although we do not wish to discourage legitimate efforts to seek a just result pursuant to the laws of the State, we are satisfied upon a thorough review of the record and our prior opinions that the same theory posited by plaintiffs in the case *sub judice* already has been vetted and held to be unpersuasive and incorrect. Accordingly, we grant defendants' motion for sanctions against plaintiffs and remand the matter for a hearing on sanctions pursuant to Rule 34(c) of the North Carolina Rules of Appellate Procedure. N.C. R. App. P. 34(c) (2007).

Dismissed; Remanded for hearing on sanctions.

Panel consisting of:

Judges JACKSON, STEPHENS, and STROUD.